# In the United States District Court
# for the District of New Mexico

**MICHELE MARTINEZ**,

      Plaintiff,

vs

**GINO R. ROMERO**, in his individual and official capacities, **NORTH CENTRAL SOLID WASTE AUTHORITY**, in its official capacity, the **City of Espanola**, in its official capacity, and the **Board of County Commissioners for the Rio Arriba County**, in its official capacity,

      Defendants.

| JURY DEMAND |
| :---: |

### COMPLAINT FOR
### VIOLATION OF CIVIL RIGHTS, BREACH OF CONTRACT, WRIT OF MANDAMUS, AND VIOLATIONS OF THE NEW MEXICO INSPECTION OF PUBLIC RECORDS ACT

<u>Prelminary Statement</u>: This is an action brought under 42 U.S.C. § 1983 and 1988 for violation of Plaintiff's Fourteenth Amendment right to procedural due process of law, breach of contract, and writ of mandamus for violations of the the New Mexico Inspection of Public Records Act, NMSA 1978, § 14-2-1 *et. seq*.

      Plaintiff states:

**THE PARTIES**:

      1.    Plaintiff (Martinez) is over the 18 and resides in Santa Fe County, New Mexico.

      2.    Defendant Gino R. Romero (Romero) is believed to be over the age of 18,

believed to be a resident of Rio Arriba County, holds the position of manager for North Central Solid Waste Authority (NCSWA), and is at all material times to this complaint acting under colour of state law, local ordinance, custom, procedure, and/or policy to deny Martinez her constitutional rights as more particularly set out herein.  He is being sued in his official and individual capacities.  At all material times to this complaint, he was acting with the express or apparent authority of Defendant City of Espanola and Defendant County of Rio Arriba.

3.     Defendant City of Espanola (City) is municipality and political subdivision recognised under New Mexico state law and may be sued and enter into contracts in accordance with state law under NMSA 1978, § 3-18-1 and is a "person" within the meaning of 42 U.S.C. § 1983.  At all material times to this complaint, the City ratified, approved, participated in, or acquiesced to the acts and/or omissions of Romero as set forth in greater particularity herein through its duly authorised agent and/or representative.

4.     The Board of County Commissioner of the County of Rio Arriba (County) is a political subdivision recognised by New Mexico state law, which can be sued pursuant to NMSA 1978, § 4-46-1, is  located in Rio Arriba County, New Mexico,  is a "person" within the meaning of 42 U.S.C. § 1983, and acted under colour of state law, local ordinance, custom, procedure, and/or policy to deny Martinez her constitutional rights as more particularly set out herein. The County is a legal entity organized under the laws of New Mexico and can sue or be sued and enter into contracts.  At all material times to this complaint, the County ratified, approved, participated in, or acquiesced to the acts and/or omissions of Romero as set forth in greater particularity herein through its duly authorised agent and/or representative.

5.     Defendant North Central Solid Waste Authority (NCSWA) is a legal entity

established under state law though the Joint Powers Agreement, NMSA 1978, § 11-1-1 *et seq*, and the Solid Waste Act, NMSA § 74-9-1 *et seq* and is a "person" within the meaning of 42 U.S.C. § 1983.    The signatories to this Joint Powers Agreement are the County of Rio Arriba, the City of Espanola, Santa Clara Pueblo, and Ohkay Owingeh (formerly San Juan Pueblo).[1]   The City and County each have a board member sitting on the NCSWA board of directors.  Pursuant to the Joint Powers Agreement, NCSWA may hire personnel, enter into contracts, issue personnel rules and regulations, and sue and can be sued. Employees of NCSWA are covered by the New Mexico Public Employment Retirement Act, NMSA 1978, §10-11-1 *et seq.*   NCSWA holds itself out to the public as a "special purpose unit of local government".

**JURISDICTION**:

6.       Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

**VENUE**:

7.       All acts or omissions as set out more fully herein took place in Rio Arriba County, New Mexico.  Venue is conferred by 28 U.S.C. §1391.

**FACTUAL ALLEGATIONS**:

8.        Martinez began her employment with NCSWA on or about 7 October 2004 and became a "classified" full time employee after expiration of her probationary period and therefore could only be terminated "for cause" in accordance with her contract of employment as reflected in NCSWA, PERSONNEL POLICIES AND PROCEDURES §§ 3.2 and

---

[1] Under the Joint Powers Agreement and the Indian Pueblos (Santa Clara and Ohkay Owingeh) have not waived sovereign immunity and therefore cannot be sued in this case. *Kowa Tribe v. Mfg. Technologies, Inc.*, 523 U.S. 751 (1998).

8.11 (2004 amend 2008)(PERSONNEL POLICIES), a copy of pertinent sections are attached

as Exhibit 1.  Martinez satisfactorily completed her initial probationary period, became a

classified employee, and had a property right to her job at all material times to this

complaint.  The PERSONNEL POLICIES constitutes a valid written contract.

9.      Throughout her career at NCSWA, she received promotions, pay increases

and was not subject to any suspensions, written reprimands, or any other disciplinary

action until 19 July 2011, a copy of termination letter is attached as Exhibit 2.

10.     On or about 18 November 2009, at the request of the Board, NCSWA asked

Martinez to become an "interim" manager.  When she became "interim" manager she

maintained her classified status and at no time relinquished that status.  It was agreed

when Martinez became "interim manager" that once a manager was selected, she would

return to her classified position as administrator/assistant manager.

11.     In May 2011, the NCSWA board of directors selected Romero as manager

for NCSWA.  Romero was not qualified for the position, and he was nonetheless hired.

Upon information and belief, one of his first tasks was to fire or terminate Martinez as a

requirement for the job.

12.     Once Romero became manager, Martinez resumed her former classified

position at her prior salary.

13.     Administrator / Assistant manager is not one of the enumerated positions

listed as exempt in the PERSONNEL POLICIES at § 3.2(A), Exhibit 1.

14.     The NCSWA board was upset with Martinez because she revealed and

reported certain fiscal improprieties and misfeasance done by the prior manager.  This

revelation and exposure was an embarrassment to the NCSWA board.

15.     On 20 June 2011, Martinez requested that her 40 hours of sick leave be

transferred to annual leave in accordance with PERSONNEL POLICES at § 10.14.   Exhibit 1.

Despite numerous efforts to confirm whether this request was approved, it was not until August 2011, well after Martinez was terminated, that Romero confirmed the request was granted.

16.   On 29 June 2011, Martinez was placed on administrative leave with pay. Exhibit 3, attached.

17.   On 19 July 2011, Martinez was terminated without cause in violation of PERSONAL POLICIES at §§ 3.2, 7.7, and 8.11.   Exhibits 1 and 2.

18.   On 19 July 2011, Martinez, through her counsel, requested to obtain a complete copy of her personnel file per §4.13(B) of the PERSONNEL POLICIES.   Exhibits 1 and 4.   NCSWA, acting through Romero, has steadfastly refused to provide access to her personnel file notwithstanding the explicit PERSONNEL POLICIES.   It was not until 26 August 2011, that Romero finally produced what purports to be a copy of her personnel file, although the file appears to be missing several documents, such as and not limited to: the letter placing Martinez on administrative leave of 29 June 2011, the letter terminating Martinez dated 19 July 2011, copies of her up to date driver's license, a change in W4 exemptions in 2010 and 2011, current solid waste and recycling certificates showing that Martinez is certified through 3 January 2013, Martinez' memoranda regarding her duties, her COBRA type notification and the acknowledgment form of receiving the personnel polices of 2008.

19.   On 27 July 2011, Martinez invoked her right to appeal the termination decision as set forth in Personal Polices at §§ 7.8 and 5.5(C).   Exhibits 1, 2 and 5 attached.

20.   As of the filing date of this complaint, NCSWA acting through Romero have

refused to provide Martinez any pre or post termination hearing.

21.     As of the date of termination, Martinez accrued 801.95 hours of annual leave of a value of $27,266.30.

22.     Despite being requested to pay Martinez' annual leave, Defendants refuse without cause or justification to pay it to her.

23.     As a direct result of the acts and omissions as set out herein, Martinez suffered the following damages:

a.      Loss of accrued annual leave of $27,266.30;

b.      Loss of wages (past and future);

c.      Loss of benefits and retirement; and,

d.      Mental anguish and suffering including humiliation, headaches, anxiety, sleepless nights, upset stomach, nausea, depression, frequent crying episodes, and a feeling of self worthlessness.

24.     The actions of Romero were malicious, vindictive, deliberately undertaken, wilful, done in spite,  and in utter disregard for the rights of Martinez thereby entitling Martinez to an award of punitive damages as against Romero.

**CLAIMS FOR RELIEF:**

MANDAUMUS-INSPECTION OF PUBLIC RECORDS

25.     Martinez incorporates by reference paragraphs 1 through 22.

26.     On 12 July 2011, Martinez, through her counsel, made a public request to the custodian of public records at NCSWA, attached as Exhibit 6.

27.     On 25 July 2011, Martinez, through her counsel, made a second public request to the custodian of public records at NCSWA, attached as Exhibit 7.

28.     Both public records requests were not acknowledged or responded to in any

manner within 3 days in accordance with NMSA 1978, § 14-2-8.

29.    The records were not produced within 15 days of the request in accordance with NMSA 1978, § 14-2-8.

30.    The City, County, Romero acting as through NCSWA have a no discretion to deny the inspection and copying of those records sought in the public records requests of 12 July 2011 (Exhibit 6) and of 25 July 2011 (Exhibit 7).

31.    To date these records have not been received with the exception of those documents recently produced on 26 August 2011.

32.    NCSWA and Romero with the approval of or with acquiescence of the County and the City failed to comply with NMSA 1978, §§ 14-2-8.

33.    There is no adequate legal remedy at law.

BREACH OF CONTACT

34.    Martinez incorporates by reference paragraphs 1 through 33.

35.    The City, County, Romero and NCSWA breach contract set forth in the PERSONNEL POLICES as follows:

a.    Failing to pay Martinez her annual leave of approximately $27,266.30;

b.    Failing to allow to Martinez to timely and promptly the right to inspect and copy her entire personnel file;

c.    Firing Martinez without cause; and.

d.    Failing to provide Martinez a hearing.

36.    The acts and omissions by City, County, Romero and NCSWA caused Martinez damages as set forth in paragraph 23.

BREACH OF CONTRACT-COVENANT OF GOOD FAITH AND FAIR DEALING

37.    Martinez incorporates paragraphs 1 through 36.

38.     The City, County, Romero acting as through NCSWA breached the covenant of good faith and fair dealing with Martinez.

39.     The acts and omissions by City, County, Romero and NCSWA caused Martinez damages as set forth in paragraph 23.

VIOLATION OF DUE PROCESS OF LAW

40.     Martinez incorporates paragraphs 1 through 39.

41.     Martinez had a property right to her job; Martinez could only be terminated for cause.

42.     NCSWA, Romero with the approval and/or acquiescence of the City and County violated Martinez's due process rights by terminating her without cause and without due process hearing in violation of her Fourteenth Amendment to the Constitution of the United States.

43.     Martinez suffered damages as outline in paragraph 23.

44.     Martinez is further entitled to an award of punitive damages against Romero in an amount that is sufficient to deter and punish him for such reprehensible and outrageous conduct.

45.     At the time of these constitutional transgressions, the law was clearly established under Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972), and Cleveland Bd of Educ. v. Loudermill, 470 U.S. 532 (1985) that Martinez was entitled to a hearing.

WHEREFORE, Martinez prays for judgement as follows:

A.      On the Claim for Mandamus and the Inspection of Public Records Act against NCSWA, the City, the County and Romero:

1.      Production of the records;

8

    2.       Damages of $100 a day since the date the records were sought until produced under NMSA 1978, § 14-2-12;

    3.       Attorney fees under NMSA 1978, § 14-2-12;

    4.       Costs;

    5.       Pre and post judgement interest; and,

    6.       Any other relief the Court deems just.

B.       On the Breach of Contract Claim and Breach of the Implied Covenant of Good Faith and Fair Dealing as against NCSWA, the City and the County:

    1.       Production of her entire personnel file;

    2.       Compensatory damages;

    3.       Pre and Post judgement interest;

    4.       Any other relief the Court deems just.

C.       On the Violation of Due Process Rights vouchsafed under the Fourteenth Amendment to the United States Constitution as against NCSWA, the City, the County and Romero:

    1.       Compensatory damages;

    2.       Punitive damages as against Romero only;

    3.       Attorney fees under 42 U.S.C. § 1988;

    4.       Costs;

    5.       Pre and post judgement interest; and

    6.       Such further relief the Court deems just.

Respectfully submitted

MICHAEL SCHWARZ
Counsel for Plaintiff
NM Bar No. 2412 ■ Federal Bar No. 9485
P O Box 1656
Santa Fe, NM 87504-1656
505.988.2053 ■ 505.983.8656 (FAX)

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Martinez requests that this case be tried before a jury.

MICHAEL SCHWARZ

# In the United States District Court
## for the District of New Mexico

**MICHELE MARTINEZ**,

       Plaintiff,

vs

**GINO R. ROMERO**, in his individual and official capacities,
**NORTH CENTRAL SOLID WASTE AUTHORITY**, in its
official capacity, the **City of Espanola**, in its official capacity,
and the **Board of County Commissioners for the Rio
Arriba County**, in its official capacity,

       Defendants.

## VERIFICATION

    I, MICHELE MARTINEZ, state under penalty of perjury of law that I have read the foregoing complaint and the facts as known to me are true to the best of personal knowledge and information.  As to those facts which are alleged upon belief, I believe those to be true.

    Dated: _9-1-11_

                                      MICHELE MARTINEZ

# NORTH CENTRAL
## SOLID WASTE AUTHORITY



PERSONNEL POLICIES
AND PROCEDURES

Effective
November 12, 2004
Amended June 9, 2008

**EXHIBIT**

3.6    Recruitment
3.7    Employment Applications
3.8    Minimum Qualifications
3.9    References
3.10   Disqualification of Applicants
3.11   Practical Tests
3.12   Evaluation & Referral of Candidates
3.13   Selection of Candidates
3.14   Provisional Appointment
3.15   Employment Date
3.16   Employment of Relatives of Authority Employees
3.17   Probationary Period
      3.17.1 Benefits
      3.17.2 Probationary Period of Evaluation Process
      3.17.3 Probationary Employee – Grievance or Appeals
      3.17.4 Probationary Period for Promoted Employees
      3.17.5 Benefits Request of Lateral or Promotional Transfer While in
              Probationary Status
3.18   Performance Evaluation
3.19   Pay Plan Classification
3.20   Pay Plan
3.21   Merit Increase Distribution Method

## 3.1    Equal Opportunity Employment

It is the policy of the North Central Solid Waste Authority that equal opportunity shall govern in all personnel policies and practices and shall include but not be limited to:

    A.    Recruitment, hiring, and promotion of any qualified person on the basis of merit without regard to race, religion, creed, color, ancestry or national original, and without regard to age, sex, or physical or mental disability except where such is a bonafide occupational barrier.

    B.    Employment and promotion in accord with the principles of equal employment opportunity and affirmative action based only upon valid requirements.

    C.    Personnel actions shall be carried out without regard to race, religion, creed, color, ancestry or national origin, or to age, sex or physical or mental disability except where such conditions are inconsistent with bonafide occupational requirements for eligibility or retention in a classified personnel position.

## 3.2    Classification of Employees

Employees shall be classified for purpose of tenure of employment with the Authority

according to the following definitions:

A.    Directors and Officers of the Authority serve pursuant to appointment by the North Central Solid Waste Authority and shall include:

(1) Director
(2) Authority Attorney (appointed)
(3) Division Supervisors
(4) Manager

B.    Classified employees are employees who have completed the probationary period whose employment may only be terminated by the North Central Solid Waste Authority for cause, and shall include:

(1) Regular Full Time Employees
(2) Regular Part Time Employees

C.  Unclassified employees are employees who are employed at the convenience of the North Central Solid Waste Authority and may be terminated without cause, and shall include:        (1) Probationary employees (2) Temporary or seasonal workers  (3) Emergency employees

## 3.3    Employees Status - Benefits

An employee is eligible to accrue employment benefits depending upon employee status as follows:

A.  Regular Full Time Employee: an employee who works on a continuing basis and has successfully completed the probationary period.  A regular full time employee cannot be removed from a position without just cause.  Regular full time employees are eligible for salary increases and all employee benefits.

B.  Probationary Employee: an employee placed in a permanent position who has not completed the six (6) month probationary period with the option to extend the probationary period for an additional term of the same length.

C.  Regular Part Time Employee: a regular part time employee works less than the usual forty (40) hour work period, but on a recurring basis.  The employee is paid an hourly wage and is entitled to certain pro-rata Authority benefits.  A regular part time employee can work no more than thirty-two (32) hours per week.

D.  Temporary or Seasonal Employee: an employee appointed to a temporary position for a limited period of time such as a day, week, month, a season, or a period of time not to exceed six (6) months.  Temporary employees are not eligible for salary increases or employee benefits, nor may they appeal

C. Unsafe conditions and potential hazards will be reported and corrected promptly;

D. All injuries and accidents while working on Authority property or involving Authority vehicles or equipment will be reported promptly and as accurately as possible;

E. All precaution will be exercised in keeping the work area as hazard-free as practicable for employees and the public;

F. Fire, explosions, or similar emergencies will be reported immediately;

G. Weapons, firearms, and inflammable or explosive substances or equipment will not be brought to the work area except as authorized for the type of work performed.

Negligence or failure to regard safety rules and regulations as well a willful unsafe conduct are grounds for disciplinary action or possible dismissal.

**4.13   Employee Permanent Record:**

A. Permanent Personnel Record

Each Authority employee may examine his own permanent personnel record at any reasonable time during established office hours in the Manager's Office. Employees should notify the Administrator/Designee of any change of address and phone number, and to update beneficiary, and dependent information changes as they occur. Any additional skills and training which the employee has acquired since employment should be brought to the attention of the Manager.

Example of documents contained in the Permanent Record file for examinations are:

(1) Employee's application for employment;
(2) Physical examination report, if applicable;
(3) Letters of reference or evaluation;
(4) PERA documents;
(5) Personnel Action Forms;
(6) Request for leave and records relating thereto;
(7) Performance evaluations;
(8) Commendations, certificates and awards;
(9) Records relating to disciplinary action;
(10) Accident reports;
(11) Entry tests or results of other selection processes;

23

B.    Access to Personnel Files:

Complete access to personnel records is restricted to the following persons

(1) The Employee;
(2) The Manager/Designee; and
(3) The Board of Directors

Department Supervisors may request information from the employee's personnel file, under supervision of the Manager/Designee. Certain information contained in an employee's file is confidential and will not be released to anyone without the notarized written consent of the employee or through appropriate legal process. Personnel Records may not be removed from the Manager's Office, as these records are privileged documents. (See "Inspection of Public Records Act" Sections 14-2-1 to 14-2-3, NMSA 1978 Comp.).

C.    Request For Information from Personnel Files:

Requests by outside agencies or individuals for information contained in an employee's Personnel record will be handled by the Manager/Designee. Only information that is required by law to be revealed may be given out. Information other than employment verification (position held, hire date and termination date) must be requested in writing to the Manager. Phone numbers, address, etc. will not be revealed to anyone, without benefit of appropriate legal processes. The Manager will take every measure to insure the confidentiality of the employee's Personnel Record. (See "Inspection of Public Records Act", Sections 14-2-1 to 14-2-3, NMSA (1978 Comp.).

## 4.14   Drug and Alcohol Policy

A.    Policy and Purpose

The North Central Solid Waste Authority ("NCSWA") has a responsibility to its employees to provide a safe work place and the NCSWA has a responsibility to the public to insure that its safety and trust in the NCSWA are protected. It is the policy of the NCSWA to insure that only safe and alert employees are permitted on or in NCSWA premises, on NCSWA job site locations and at any time while operating NCSWA vehicles, or using NCSWA equipment. It is the policy of the NCSWA to maintain a drug-free and alcohol free work environment through the use of a reasonable and legally permissible employee drug testing program. In accordance with these general principles, the NCSWA will maintain the following policy concerning the use, possession, or sale of alcohol or drugs by its employees.

24

Every employee has a right to discuss problems and try to work out disagreements. However, little can be accomplished by bypassing a supervisor.

The employee is strongly urged to discuss problems with the supervisor or department head, if no satisfaction is obtained, an employee may initiate the formal grievance procedure; beginning with the written report to the Manager, then followed, if necessary, by a hearing before the Grievance Board, as outlined below.

### 5.2     Grievance Defined:

A grievance is a complaint of an employee concerning working conditions, actions taken by management resulting in a loss of pay, seniority, loss of job, or written reprimand. The validity of the grievance shall be determined by the Grievance Board.

### 5.3     Representation:

An employee may elect any person of his choosing to serve with him in the presentation of a grievance. If another Authority employee is chosen, satisfactory arrangements must be made with the Department Supervisor if that individual will be away from his duty station during normal working hours. In the event an aggrieved employee chooses to employ legal counsel, it is necessary to notify the Manager so arrangements can be made to have the Authority attorney present at grievance hearings.

### 5.4     Confidentiality:

All information or documentation involved with the grievance process shall be considered and treated by all involved as confidential to the extent applicable by State Law so as not to unduly influence members of the Grievance Board. All meetings of the Grievance Board shall be held with utmost care to insure the rights and privacies of those involved.

### 5.5     Grievance Procedure/Grievance Board:

The NCSWA Board of Directors shall serve as the NCSWA Grievance Board. The function of the Grievance Board shall be to conduct hearings for employee grievances. If the employee feels he/she cannot resolve the problem through the supervisory line, as described in this section, the employee has a right to request a formal hearing of the Grievance Board. Should an employee wish to begin grievance proceedings, the following procedure is outlined:

    A.  Informal Approach. An employee who differs with the decision or action of his immediate supervisor shall make every reasonable attempt over a period of three working days to resolve the difference in a friendly and non-confrontational manner.

    B.  Grievance Procedure. If it is clear that the informal discussion has not

resolved the matter to the satisfaction of all concerned, then the more formal grievance procedure shall begin and be documented in writing step by step, by both the employee and the Manager.

C  Formal Documentation.  Once the grievance has become formal, it shall include no less than the names of the affected parties, the date of initial complaint, the nature of the complaint, the date and times of meetings established to resolve the complaint and the employees impression of how the conflict directly affects his or her job performance.  An employee grievance written report shall be submitted within ten (10) working days of the alleged act or grievance.  This formal written grievance shall be submitted to the Manager for a written reply.

D.  After receiving the grievance, the Manager has three working days to furnish the employee with a written response.  The Manager may seek the advice of legal counsel for input in formulating the written response.  If the written response to the employee by the Manager is insufficient to resolve the grievance, then the employee has the right to request, within three (3) working days, in writing an appeal to the North Central Solid Waste Authority Board of Directors, sitting as the NCSWA Grievance Board.

E.  The Grievance Board must respond within ten (10) working days, in writing, by setting a date and time for the formal appeal, in person, to the Grievance Board sitting in quorum session.  At that time, the employee has the right to bring with him another party of his own choosing to assist with the presentation, as well as call witnesses to testify in his behalf and cross-examine witnesses called by the Manager or Authority.

F.  The Grievance Board in quorum session shall, within five (5) working days after hearing the facts, make a decision concerning the grievance and issue an opinion in writing.

G.  The written decision of the Grievance Board involving any grievable issues, up to and including termination of employment, shall be final.  At this point, either party is at liberty to take the issue into the normal civil court procedures.

5.6   **Grievance Regulations:**

A.  Compensation Grievances.  The pay range established for a given class of work and broadly applicable to more than one employee shall not be reason for filing a grievance.

B.  Policy Grievance.  Policy made by the Board of Directors is not grievable.

C.  All employees are eligible to file a grievance except:

33

<u>7.4</u>      <u>Private Rights Protected:</u>

No activity during off duty hours shall be cause for discipline unless such activity precludes efficient delivery of solid waste service to the highest responsibility shall be to the taxpayer citizens, or causes a violation of this personnel policy section 7.3.

<u>7.5</u>      <u>Forms of Disciplinary Action:</u>

Forms of disciplinary action which may be initiated are, in order of increasing severity:

> A. Oral warning;
>
> B. Written warning;
>
> C. Suspension from duty without pay, provided that any suspensions without pay for longer than three (3) working days must be in accordance with the disciplinary procedures set forth in Section 7.2, above.
>
> D. Demotion for the failure to meet prescribed work standards (where feasible);
>
> E. Dismissal.

These various types of disciplinary action do not indicate that discipline need be either progressive or cumulative in implementation.

Minor infractions will normally result in oral warnings.  Continued or repetitive infractions may invoke progressively severe disciplinary action.  Depending on severity, some incidents in and of themselves will be sufficient cause for suspension and/or dismissal.  A written record of all disciplinary action except oral warnings shall be inserted into the employee's personnel file.  Although discipline can be progressive, circumstances may dictate that progressive discipline need not be followed.  In the latter instance, employee may be discharged after completion of the Pre-termination Hearing upon the written determination of the Manager.

<u>7.6</u>      <u>Relief from Duty:</u>

The Manager may relieve an employee from duty and order the employee to leave the work area, but may not initiate suspension, demotion or dismissal prior to following the discipline and pre-termination procedures.

<u>7.7</u>      <u>Notification of Disciplinary Action:</u>

A record of any written disciplinary action taken shall be made by the Manager stating the cause for discipline and citing the specific elements upon which it is based.  Notice of suspension without pay shall also state duration of the suspension.  A copy of the action shall be given to the employee.

39

A copy of the written notice shall be placed in the employee's personnel file.

### 7.8    Right of Appeal:

Disciplinary actions, taken against regular, classified employees shall be subject to the grievance procedures set forth in Section 5 herein, beginning with 5.5 C.1.

## CHAPTER VIII - TERMINATIONS

8.1    Types of Terminations
8.2    Return of Authority Property
8.3    Termination Pay
8.4    Resignation
8.5    Job Abandonment (Unauthorized Absence)
8.6    Layoff or Abolishment of Position
8.7    Disability and Layoffs
8.8    Medical Termination
8.9    Death
8.10   Dismissal During Probation
8.11   Dismissal of Regular Employees for Cause
8.12   Employees Involved in Job Misconduct or Criminal Activities
8.13   Exit Interview

### 8.1    Types of Termination:

Employment with the Authority may be terminated voluntarily or involuntarily.

    A.  Voluntary Termination - when the employee decides to leave the employment of the North Central Solid Waste Authority.

    B.  Involuntary Termination - is originated by the Manager and may be initiated for a variety of reasons.  Those reasons include but are not limited to: Layoff, abolishment of position, disability termination, medical termination and disciplinary reasons.

### 8.2    Return of Authority Property:

Within five (5) days of termination for any reason and prior to final payment of wages, the employee (or his/her survivor) shall return all records, uniforms, (where applicable), keys, I.D. badges, emblems, patches or other such items of Authority property in the employee's custody.  In the event such Authority property is not returned, the Authority may take such civil or criminal action as it deems appropriate.

weeks prior to the effective date or shall be granted equivalent severance pay in lieu of notice.

Employees laid off will be offered reemployment in reverse order of layoff, using the criteria listed above, when effective dates of layoff do not indicate an order of reemployment.

## 8.7    Disability and Layoffs

Employees who have suffered disability and cannot perform their duties shall be assigned to light duty positions that they are able to perform and if such work is available. Their former rate of pay shall be maintained.  If no light work is available that the employee is able to perform, the employee shall be placed on layoff status until able to return to work. If, based on medical evidence, it appears that the employee shall not regain the capability to function in his former position, the Manager may determine that the employee be terminated.  Any employee aggrieved by such a determination shall be entitled to file a grievance and utilize the grievance procedures set forth in Section 5, herein.

## 8.8    Medical Termination:

May be done when a qualified physician certifies that an employee is medically unfit to perform the duties of his/her present position.  Termination shall be appropriately noted "For Medical Reasons."

## 8.9    Death:

Termination by death of an employee shall be effective as of the date of death.  All compensation and payable benefits due shall be paid to the estate of the deceased, except for those sums which by law may be paid to a designated survivor.

## 8.10    Dismissal During Probation:

During the probation period an employee can be terminated with or without cause, and is not entitled to the grievance process.  For example, an employee whose performance does not meet required standards may be dismissed.  The method of dismissal shall be determined by the Manager.  The reason for dismissal shall be furnished to the employee and a copy shall be filed in the employee's personnel file.  Termination shall be effective when the dismissal notice is signed by the Manager.  Unused vacation leave will not be paid to probationary employees who are terminated.

## 8.11    Dismissal of Regular Employees for Cause:

A regular Non-Probationary employee may be dismissed at any time for just cause, including but limited to any of the causes listed in Chapter VII.  The employee action will be initiated by a "Notice of Personnel Hearing" prior to actual termination.  A copy of this notice shall also be filed in the Personnel File.  The Pre-termination Personnel

42

Hearing Notice shall include:

    A.    Written notice of the reason (s) for proposed discharge;

    B.    Explanation of the facts in support of the proposed discharge;

    C.    An opportunity to present his/her side of the story if the employee wishes.

    D.    Date and Time the Pre-termination Hearing will be held.

The Pre-termination Hearing Notice will be presented to the employee by the Manager.

### 8.11.1

At the time of Pre-termination Hearing, the employee may present any evidence which may tend to explain justify, or mitigate the proposed termination.

### 8.11.2

Within three (3) days after the Pre-termination Hearing, the Manager will provide the employee with a written determination of his/her recommendation. If the Manager recommends termination, the employee shall be entitled to request a hearing before the Grievance Board, as set forth in Section 5, herein.

### 8.11.3

An employee who is dismissed for cause will not be considered for re-employment by the NCSWA.

### 8.12   Employees Involved in Job Misconduct or Criminal Activities:

Employees charged with job misconduct or criminal activities may be place on administrative leave with pay pending final determination, or may be assigned other duties pending a final outcome of the matter. Each situation under investigation will be administered on a case by case basis. The Manager has the authority to seek legal advice if needed and then shall review each case and decide how to proceed in the best interest of the Authority.

### 8.13   Exit Interview:

Prior to the last day of work, each employee who resigns shall schedule an Exit Interview with the Manager or Designee. This interview will be to discuss insurance, retirement, PERA refund, uniform returns and other pertinent matters.

10.9   Working Holiday Schedule

Each year the Board of Directors will adopt a Working Holiday Schedule Resolution to be utilized by the Authority for approved working holidays.

10.10   Probationary Employees

New hire probationary employees accrue annual leave (vacation) during the probational period but may not use such leave until they achieve regular status. Probationary employees due to disciplinary action or promotion are eligible to use their leave. Temp or emergency hire employees do not accrue any type of leave and are not eligible for holiday pay.

10.11   Holiday During Leave

When a designated holiday falls within an employee's vacation leave, that day shall be paid as a holiday and shall not be deducted from accrued vacation leave.

10.12   Payment of Unused Vacation Leave

Regular employees who terminate shall be paid for unused vacation leave at their regular rate.  Probationary employees who are terminated without achieving regular status shall be paid for unused vacation leave.

10.13   Sick Leave

Each regular and probationary full time employee shall accrue leave based on length of service, in accordance with benefit schedule.  Sick leave may be authorized for personal illness or off the job injury, exposure to contagious diseases which would endanger the health of other employees, to tend to immediate family members who are sick, (immediate family shall include: Spouse, Child, Parent, Brother, Sister, or Grandparent) or for required medical or dental or eye treatment or examination.  Sick leave may not be authorized for reasons unrelated to illness or injury nor for slight indisposition which does not incapacitate the employee for performance of duties.  Probationary employees may use accrued sick leave.  Sick leave shall be charged as used.

10.14   Sick Leave transfer to Vacation Leave

Employees who have accrued over two-hundred forty (240) hours sick leave may convert up to forty (40) hours sick leave each year, to forty (40) hours vacation time each year on a one-to-one basis.

10.15   Notification of Supervisor

An employee who is unable to come to work because of one of the reasons specified in this Chapter shall promptly notify his/her immediate supervisor so that duties may be

49

  

# NORTH CENTRAL SOLID WASTE AUTHORITY

Serving Rio Arriba County, Española, Santa Clara Pueblo & Ohkay Owingeh

1101 Industrial Park Road · Suite C

Email: ncswa@valornet.com

Check Method of Delivery:

_X_ Certified Mail, Return Receipt  *7009 2620 0002 3947 7826*

_____ Regular First Class Mail

_____ Personal Delivery

July 19, 2011

Michele L. Martinez
724 Megill Street
Espanola, NM 87532

Re: Termination

Dear Ms. Martinez:

Based on a review of your work history and job performance as a NCSWA employee, your employment has been terminated as of July 19, 2011. Please turn over any, equipment, materials, files, or property of NCSWA.

Your cooperation in this regard, will be appreciated.

Sincerely,

Gino Romero
Manager

cc: NCSWA Board of Directors
cc: Attorney Michael Schwarz



EXHIBIT

2





P.O. Box 1230, Española, NM 87532                    (505) 747-8459 Fax (505) 866-283-0754



# NORTH CENTRAL SOLID WASTE AUTHORITY

Serving Rio Arriba County, Española, Santa Clara Pueblo & Ohkay Owingeh

1101 Industrial Park Road – Suite C

Email: ncswa@valornet.com



Check Method of Delivery:

_____ Certified Mail, Return Receipt

_____ Regular First Class Mail

___✓___ Personal Delivery

June 29, 2011

Michele L. Martinez
724 Megill Street
Espanola, NM  87532

Re:  Administrative Leave with Pay

Dear Ms. Martinez:

Be advised that upon the receipt of this letter, I am placing you on administrative leave with pay from your position with NCSWA so that I may review your work history at NCSWA.  As soon as possible you must turn in your keys and all other property in your possession belonging to NCSWA.

During my review I am requiring that you make yourself available to answer any questions I may have in this work related matter.  I will contact you on or before July 6, 2011 to apprise you of your status.  If I do not complete my review of your work history by then I may continue your administrative leave with pay until the review is completed and I make a decision about your continued employment with NCSWA.

Your cooperation in this regard, will be appreciated.

Sincerely,

Gino Romero
Manager

cc:  NCSWA Board of Directors



EXHIBIT

3





# MICHAEL SCHWARZ
ATTORNEY & COUNSELLOR AT LAW
NEW MEXICO BOARD CERTIFIED SPECIALIST
EMPLOYMENT & LABOR LAW

## VIA FAX AND FIRST CLASS POST

19 July 2011                                                              File 11-07

Geno Romero
Manager
North Central Solid Waste Authority
1101 Industrial Park Rd
Espanola, NM 87532-2628

<u>Michele Martinez</u>

Dear Mr Romero

Pursuant to Section 4.13 of North Central Solid Waste Authority's Personnel Policies and Procedures, effective 12 November 2004 and as amended on 9 June 2008, I am requesting a complete copy of Michele Martinez' permanent personnel file.  Please let me know when this may be picked up.

Also, on 20 June 2011, Ms Martinez wrote to Ms Baxter regarding the transfer of sick leave hours in accordance with Section 10.14 of the aforementioned personnel policies. What is the status of this request?

Thank you for your attention in these matters.


Yours sincerely

MICHAEL SCHWARZ
Attorney & Counsellor at La

cc:     Michele Martinez

P.S.  Mr Van Amberg has notified me that he has a potential conflict of interest and therefore not to send him any more of my communications with you.  Please notify me of your attorney and his or her contact information.  Thank you.

EXHIBIT
4

**HP Officejet Pro 8500 A909g All-in-One series**

Fax Log for
Michael Schwarz, Esq
5059838656
Jul 19 2011 1:14PM

## Last Transaction

| Date | Time | Type | Station ID | Duration Digital Fax | Pages | Result |
|------|------|------|-----------|---------------------|-------|--------|
| Jul 19 | 1:14PM | Fax Sent | 15057478464 | 0:30 N/A | 2 | OK |

## First Page of Sent Fax

# MICHAEL SCHWARZ

ATTORNEY & COUNSELLOR AT LAW
N.M. BOARD CERTIFIED SPECIALIST EMPLOYMENT AND LABOR LAW
P.O BOX 1656
SANTA FE, NM 87504-1656
505.988.2053 FAX: 505.983.8656
BARRISTER@INBOX.COM

# FAX COVER SHEET

| | |
|---|---|
| Name: | Geno Romero |
| Organization: | North Central Solid Waste Disposal |
| Fax: | 505.747.8464 |
| Phone: | 505.747.8459 |
| Date: | 19 July 2011 |
| Subject: | Michele Martinez |
| Total Pages: | 2 |

Comments:

· Letter (1pp)

[X] Original will follow by U.S. Mail

[ ] Original will NOT follow

The information contained in this electronic message is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510, et seq., attorney - client privilege and/or attorney work product doctrine. It is intended for the use of the individual and/or entity named above and the privileges are not waived by virtue of this having been sent electronically. If the person actually receiving this message or any other reader of this message is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination distribution, or copying of this communication in error, please immediately notify us at the above address via U.S. Postal Service.

# MICHAEL SCHWARZ

ATTORNEY & COUNSELLOR AT LAW
N.M. BOARD CERTIFIED SPECIALIST EMPLOYMENT AND LABOR LAW
P O BOX 1656
SANTA FE, NM 87504-1656
505.988.2053 FAX: 505.983.8656
BARRISTER@POBOX.COM

# FAX COVER SHEET

**Name:** Geno Romero
**Organization:** North Central Solid Waste Disposal
**Fax:** 505.747.8464
**Phone:** 505.747.8459
**Date:** 19 July 2011
**Subject:** Michele Martinez
**Total Pages:** 2

Comments:

• Letter (1pp)

*[X] Original will follow by U.S. Mail*

[ ] Original will NOT follow

The information contained in this electronic message is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510, et seq., attorney - client privilege and/or attorney work product doctrine. It is intended for the use of the individual and/or entity named above and the privileges are not waived by virtue of this having been sent electronically. If the person actually receiving this message or any other reader of this message is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination distribution, or copying of this communication in error, please immediately notify us at the above address via U.S. Postal Service.

# MICHAEL SCHWARZ
ATTORNEY & COUNSELLOR AT LAW
NEW MEXICO BOARD CERTIFIED SPECIALIST
EMPLOYMENT & LABOR LAW

## VIA FAX AND FIRST CLASS POST

27 July 2011                                                                 File 11-07

Manager
NCSWA
P O Box 1230
Espanola, NM 87532-1230

<u>Michele Martinez</u>

Dear Manager

In accordance with NCSWA Personnel Policy and Procedures manual effective
November 12, 2004 as amended by June 9, 2008, Ms Martinez hereby appeals her
termination dated 19 July 2011.  <u>See</u> Sections 5.5(c) and 7.8.

Since no particulars have been provided which serve as the basis for the termination,
Ms Martinez is unable to respond.

Yours sincerely

MICHAEL SCHWARZ
Attorney & Counsellor at Law

cc:      Michele Martinez



EXHIBIT
5

P.O. Box 1656      Santa Fe, NM 87504-1656      505.988.2053      Fax  505.983.8656      barrister@pobox.com

**HP Officejet Pro 8500 A909g All-in-One series**

**Fax Log for**
Michael Schwarz, Esq
5059838656
Jul 27 2011 9:45AM

## Last Transaction

| Date | Time | Type | Station ID | Duration Digital Fax | Pages | Result |
|------|------|------|-----------|---------------------|-------|--------|
| Jul 27 | 9:44AM | Fax Sent | 15057478464 | 0:31 N/A | 2 | OK |

## First Page of Sent Fax

# MICHAEL SCHWARZ

ATTORNEY & COUNSELLOR AT LAW
N.M. BOARD CERTIFIED SPECIALIST EMPLOYMENT AND LABOR LAW
PO BOX 1656
SANTA FE NM 87504-1656
505.988.2053 FAX: 505.983.8656
BARRISTER@FOHUX.COM

## FAX COVER SHEET

Name:              Manager (Geno Romero)
Organization:      North Central Solid Waste Disposal
Fax:               505.747.8464
Phone:             505.747.8459
Date:              27 July 2011
Subject:           Michele Martinez
Total Pages:       2

Comments:

- Letter (1pp)

[X] Original will follow by U.S. Mail

[ ] Original will NOT follow

The information contained in this electronic message is protected by the Electronic Communications Privacy Act, 18
U.S.C. 2510, et seq., attorney - client privilege and/or attorney work product doctrine. It is intended for the use of the
individual and/or entity named above and the privileges are not waived by virtue of this having been sent
electronically. If the person actually receiving this message or any other reader of this message is not the named
recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination,
distribution, or copying of this communication in error, please immediately notify us at the above address via U.S.
Postal Service.

# MICHAEL SCHWARZ

ATTORNEY & COUNSELLOR AT LAW
N.M. BOARD CERTIFIED SPECIALIST EMPLOYMENT AND LABOR LAW
P O BOX 1656
SANTA FE, NM 87504-1656
505.988.2053 FAX: 505.983.8656
BARRISTER@POBOX.COM

# FAX COVER SHEET

Name:           Manager (Geno Romero)
Organization:   North Central Solid Waste Disposal
Fax:            505.747.8464
Phone:          505.747.8459
Date:           27 July 2011
Subject:        Michele Martinez
Total Pages:    2

Comments:

· **Letter (1pp)**

*[X] Original will follow by U.S. Mail*

[ ] Original will NOT follow

The information contained in this electronic message is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510, et seq., attorney - client privilege and/or attorney work product doctrine. It is intended for the use of the individual and/or entity named above and the privileges are not waived by virtue of this having been sent electronically. If the person actually receiving this message or any other reader of this message is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination distribution, or copying of this communication in error, please immediately notify us at the above address via U.S. Postal Service.



# MICHAEL SCHWARZ
ATTORNEY & COUNSELLOR AT LAW
NEW MEXICO BOARD CERTIFIED SPECIALIST
EMPLOYMENT & LABOR LAW

## VIA FAX AND FIRST CLASS POST

12 July 2011                                                          File 11-07

Geno Romero and Sally Baxter
North Central Solid Waste Authority
1101 Industrial Park Rd
Espanola, NM 87532-2628

Dear Mr Romero and Ms Baxter

### Public Records Request

Pursuant to NMSA 1978, § 14-2-1, *et seq.*, I am requesting to inspect and copy the following documents:

1.     All statements released to the press regarding Ms Michele Martinez

2.     The joint powers agreement pertaining to the North Central Solid Waste Authority (NCSWA)

3.     All memoranda of understanding involving the City of Espanola, County of Rio Arriba, and the Indian pueblos regarding NCSWA

If you have any questions on what is being sought, please feel free to contact me.

I do not believe that there are any confidential sources, methods, or information in this matter.  Moreover, I do not believe there are any exceptions which bar the production of these records.

While this request is pending, please take all necessary steps to preserve all the above materials and evidence collected in this matter.

NMSA 1978, § 14-2-8 *et seq.* requires that inspection be allowed not later than fifteen (15) days from the date of the request, and if the inspection is not allowed within three (3) days, the statute requires a written response as to when these documents will be made available.

A copy of this letter is being supplied to your lawyer, Ronald J Van Amberg.



**EXHIBIT**



6

P.O. Box 1656      Santa Fe, NM 87504-1656      505.988.2053      Fax  505.983.8656      barrister@pobox.com

# MICHAEL SCHWARZ
### ATTORNEY & COUNSELLOR AT LAW

NCSWA
12 July 2011
Page 2


Yours sincerely

MICHAEL SCHWARZ
Attorney & Counsellor at Law

cc:    Ronald J Van Amberg
       Michele Martinez

HP Officejet Pro 8500 A909g All-in-one series

Fax Log for
Michael Schwarz, Esq
5059838656
Jul 12 2011 1:25PM

## Last Transaction

| Date | Time | Type | Station ID | Duration Digital Fax | Pages | Result |
|---|---|---|---|---|---|---|
| Jul 12 | 1:24PM | Fax Sent | 15057478464 | 0:38 N/A | 3 | OK |

## First Page of Sent Fax

# MICHAEL SCHWARZ

ATTORNEY & COUNSELLOR AT LAW
N.M. BOARD CERTIFIED SPECIALIST EMPLOYMENT AND LABOR LAW
P O BOX 1656
SANTA FE, NM 87504-1656
505.988.2053 FAX: 505.983.8656
DARKISTER@POBOX.COM

## FAX COVER SHEET

Name:           Geno Romero and Sally Baxter
Organization:   NCSWA
Fax:            505.747.8464
Date:           12 July 2011
Subject:        Public Records Request
Total Pages:    3

Comments:

· Letter (2pp)

[X] Original will follow by U.S. Mail

[ ] Original will NOT follow

The information contained in this electronic message is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510, et seq., attorney - client privilege and/or attorney work product doctrine. It is intended for the use of the individual and/or entity named above and the privileges are not waived by virtue of this having been sent electronically. If the person actually receiving this message or any other reader of this message is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination distribution, or copying of this communication in error, please immediately notify us at the above address via U.S. Postal Service.

# MICHAEL SCHWARZ

ATTORNEY & COUNSELLOR AT LAW
N.M. BOARD CERTIFIED SPECIALIST EMPLOYMENT AND LABOR LAW
P O BOX 1656
SANTA FE, NM 87504-1656
505.988.2053 FAX: 505.983.8656
BARRISTER@POBOX.COM

# FAX COVER SHEET

**Name:** Geno Romero and Sally Baxter
**Organization:** NCSWA
**Fax:** 505.747.8464
**Date:** 12 July 2011
**Subject:** Public Records Request
**Total Pages:** 3

Comments:

• *Letter (2pp)*

*[X] Original will follow by U.S. Mail*

[ ] Original will NOT follow

*The information contained in this electronic message is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510, et seq., attorney - client privilege and/or attorney work product doctrine. It is intended for the use of the individual and/or entity named above and the privileges are not waived by virtue of this having been sent electronically. If the person actually receiving this message or any other reader of this message is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination distribution, or copying of this communication in error, please immediately notify us at the above address via U.S. Postal Service.*

# MICHAEL SCHWARZ
ATTORNEY & COUNSELLOR AT LAW
NEW MEXICO BOARD CERTIFIED SPECIALIST
EMPLOYMENT & LABOR LAW

## VIA FAX AND FIRST CLASS POST

25 July 2011                                                      File 11-07

Geno Romero and Sally Baxter
North Central Solid Waste Authority
P O Box 1230
Espanola, NM 87532-1230

Dear Mr Romero and Ms Baxter

### Public Records Request

Pursuant to NMSA 1978, § 14-2-1, *et seq.*, I am requesting to inspect and copy the following documents:

1.    All letters, memoranda, guidelines, and any other document provided to the Rio Grande Sun or any other new reporter or new agency regarding Ms Michele Martinez

2.    The personnel or any other file maintained on Ms Michele Martinez to include but not limited to: her applications, all documents showing increase in pay, all documents showing positions she held with NCSWA, her payroll records for her entire period of employment.  This request does not include matters of opinion such as disciplinary matters, if any.

If you have any questions on what is being sought, please feel free to contact me.

I do not believe that there are any confidential sources, methods, or information in this matter.  Moreover, I do not believe there are any exceptions which bar the production of these records.

While this request is pending, please take all necessary steps to preserve all the above materials and evidence collected in this matter.

NMSA 1978, § 14-2-8 *et seq.* requires that inspection be allowed not later than fifteen (15) days from the date of the request, and if the inspection is not allowed within three



P.O. Box 1656      Santa Fe, NM 87504-1656      505.988.2053      Fax   505.983.8656

MICHAEL SCHWARZ
ATTORNEY & COUNSELLOR AT LAW

Geno Romero and Sally Baxter
25 July 2011
Page 2

(3) days, the statute requires a written response as to when these documents will be made available.   Failure to comply with this request may constitute a violation of the Inspection of Public Records Act, NMSA 1978, § 14-2-1, *et seq*.

Yours sincerely

MICHAEL SCHWARZ
Attorney & Counsellor at Law

cc:      Michele Martinez

D:\MyFiles\CLIENTS\Martinez 11-06\Sent\Romero -Baster 110725.wpd

HP Officejet Pro 8500 A909g All-in-One series

Fax Log for
Michael Schwarz, Esq
5059838656
Jul 25 2011 1:28PM

## Last Transaction

| Date | Time | Type | Station ID | Duration Digital Fax | Pages | Result |
|------|------|------|-----------|------|-------|--------|
| Jul 25 | 1:28PM | Fax Sent | 15057478464 | 0:40 N/A | 3 | OK |

## First Page of Sent Fax

# MICHAEL SCHWARZ

ATTORNEY & COUNSELLOR AT LAW
N.M. BOARD CERTIFIED SPECIALIST EMPLOYMENT AND LABOR LAW
P O BOX 1656
SANTA FE, NM 87504-1656
505.988.2053 FAX: 505.983.8656
BARRISTER@TOBOX.COM

## FAX COVER SHEET

| | |
|---|---|
| Name: | Geno Romero and Sally Baxter |
| Organization: | North Central Solid Waste Disposal |
| Fax: | 505.747.8464 |
| Phone: | 505.747.8459 |
| Date: | 25 July 2011 |
| Subject: | Public Records Request |
| Total Pages: | 3 |

Comments:

· Letter (2pp)

[X] Original will follow by U.S. Mail

[ ] Original will NOT follow

The information contained in this electronic message is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510, et seq., attorney - client privilege and/or attorney work product doctrine. It is intended for the use of the individual and/or entity named above and the privileges are not waived by virtue of this having been sent electronically. If the person actually receiving this message or any other reader of this message is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination distribution, or copying of this communication in error, please immediately notify us at the above address via U.S. Postal Service.

# MICHAEL SCHWARZ

ATTORNEY & COUNSELLOR AT LAW
N.M. BOARD CERTIFIED SPECIALIST EMPLOYMENT AND LABOR LAW
P O BOX 1656
SANTA FE, NM 87504–1656
505.988.2053 FAX: 505.983.8656
BARRISTER@POBOX.COM

# FAX COVER SHEET

| | |
|---|---|
| **Name:** | Geno Romero and Sally Baxter |
| **Organization:** | North Central Solid Waste Disposal |
| **Fax:** | 505.747.8464 |
| **Phone:** | 505.747.8459 |
| **Date:** | 25 July 2011 |
| **Subject:** | Public Records Request |
| **Total Pages:** | 3 |

Comments:

· Letter (2pp)

*[X] Original will follow by U.S. Mail*

[ ] Original will NOT follow

The information contained in this electronic message is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510, et seq., attorney - client privilege and/or attorney work product doctrine. It is intended for the use of the individual and/or entity named above and the privileges are not waived by virtue of this having been sent electronically. If the person actually receiving this message or any other reader of this message is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination distribution, or copying of this communication in error, please immediately notify us at the above address via U.S. Postal Service.