# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MICHELLE MARTINEZ,

      Plaintiff,

vs.                                              No. CIV-11-785  ACT/WDS

GINO R. ROMERO, in his individual
and Official capacities, NORTH CENTRAL
SOLID WASTE AUTHORITY, in its official
capacity, THE CITY OF ESPANOLA, in its
official capacity, and THE BOARD OF COUNTY
COMMISSIONERS FOR THE RIO ARRIBA
COUNTY, in its official capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on two motions: (1) Defendants City of Espanola ("Espanola") and The Board of County Commissioners for Rio Arriba County's ("Rio Arriba") Motion to Dismiss ("Defendants' Motion to Dismiss")[1] [Doc. 18] filed on October 10, 2011, Plaintiff Michelle Martinez' ("Plaintiff" or "Martinez") Response [Doc. 24] and Defendants' Reply [Doc. 30]; and (2) Plaintiff's Motion for Leave to file First Amended Complaint [Doc. 23] filed on November 18, 2011, Defendants' Response in Opposition [Doc. 32], and Plaintiff's Reply [Doc. 36].

---

[1] Defendants Espanola and Rio Arriba County will sometimes be referred to collectively as "the Defendants."

1

**I. Background**

The Complaint in this matter was filed on September 2, 2011. [Doc. 1.] The Complaint alleges claims against Gino Romero (the manager of the North Central Solid Waste Authority) in his individual and official capacity, the North Central Solid Waste Authority ("NCSWA"), the City of Espanola and Rio Arriba, all in their official capacities. Plaintiff makes four claims in connection with her employment and termination from NCSWA: (1) Breach of Contract, (2) Breach of Contract-Convenant of Good Faith and Fair Dealing, (3) Mandamus-Inspection of Public Records and (4) Violation of Due Process of Law. [Doc. 1 at ¶¶ 8-12.]

The Complaint alleges that Defendant Gino Romero, the manager of NCSWA, was acting with the actual or apparent authority of Espanola and Rio Arriba. [Doc. 1 at ¶ 2.] Plaintiff was the interim manager until Gino Romero ("Romero") was hired. She claims that Romero terminated her without cause. She also claims that she was denied any post-termination hearing to which she was entitled pursuant to due process and the procedures of the NCSWA. [*Id.* at ¶¶ 35 and 42.] Plaintiff alleges that Rio Arriba and Espanola ratified, approved, participated in or acquiesced to the acts or omissions of Romero. [*Id.* at ¶¶ 3 and 4.] Plaintiff also alleges claims for breach of contract based on her employment with NCSWA and seeks damages and mandamus against all Defendants relating to a claim brought under the New Mexico's Inspection of Public Records Act for documents in the possession of NCSWA. [*Id.* at ¶¶ 25-32, 35, and 36.]

On October 10, 2011 [Doc. 18] the Defendants filed a Motion to Dismiss. [Doc. 18.] They argue that Martinez's employer was NCSWA and not Rio Arriba County or Espanola. Both Rio Arriba and Espanola, as well as other entities not named, are parties to an agreement ("the Agreement") [Doc. 23-4] authorized by the Joint Powers Agreements Act, NMSA 1978,

§11-1-1 et seq. ("the Act").  The Agreement created the NCSWA [Doc. 23-4 at p.2].  NCSWA is the entity which hired Martinez and subsequently terminated her employment.   The Defendants argue that the Complaint fails to allege any legal theory which would justify naming   Rio Arriba and Espanola as defendants.

Plaintiff sought leave from Defendants for an extension of time to file an response to the Motion to Dismiss, which was granted. [Doc. 30 at p. 1.]   Prior to filing her response, Plaintiff filed a Motion to Amend the Complaint on October 28, 2011, which was opposed by Rio Arriba and Espanola. [Doc. 23.] [2]   Plaintiff stated that the Motion to Amend was filed "to provide considerably more facts supporting the County's and City's significant involvement in case [sic]." [Doc. 23 at p. 2.]   Plaintiff also argued that "[a]s a joint venturers [sic], the City and County are liable as principals and are not immune under the Joint Powers Agreement Act, NMSA 1978, § 11-1-1, *et seq.*" [*Id.*]

The Plaintiff's Response to the Motion to Dismiss was filed a few days later on November 4, 2011. [Doc. 24] Plaintiff argued that the Act which governs the creation of NCSWA is unclear as to whether, in addition to NCSWA, Rio Arriba and Espanola are also liable to Ms. Martinez in this case.  She argues that the issue of liability is an issue of unsettled state law and this Court should certify the question to the New Mexico Supreme Court.  She also argues that the Act does not limit her ability to sue only the entity created under the Act (in this case the NCSWA) but also permits suing the parties or entities that created the NCSWA.  She refers to these parties as "principals of [a] joint venture." [Doc. 24 at p. 6.]

---

[2] Plaintiff's Motion to Amend fails to state that the motion is opposed (or that counsel even conferred about the motion) in violation of D.N.M.LR-Civ. 7(a) but Defendants have responded indicating their opposition.

On November 17, 2011, one day before Defendants' reply brief in support of the Motion to Dismiss was due, Plaintiff filed a "Supplement to Response to Motion to Dismiss" [Doc. 28] without seeking leave of court or concurrence of opposing counsel. [Doc. 30 at p. 2.]  The Supplement consists of what appear to be copies, or portions of copies, of minutes of the NCSWA Board of Directors Meetings. [Doc. 28.]

On November 18, 2011, the Defendants filed their Reply in support of the Motion to Dismiss. [Doc. 30.]   The Defendants noted briefly that the Plaintiff's Motion to Amend [Doc. 23] and Plaintiff's "Supplement to Response to Motion to Dismiss" [Doc. 28] had "somewhat confuse[d] the issues" contained in the Motion to Dismiss and "how [Defendants should] reply" in support of the Motion to Dismiss. [Doc. 30 at p. 2.]   Defendants point out that Plaintiff's proposed amended complaint alleges that the NCSWA is a "joint venture among its signatories." [Doc. 23-1 at ¶ 5.] They argue that the Act and the Agreement which created the NCSWA both refute this characterization.  They further argue that even if liability for the employment decisions of the NCSWA could flow to Rio Arriba and Espanola, there are no allegations of facts to "support a reasonable inference that Rio Arriba or Espanola "participated in, ratified, and approved the acts" of the NCSWA with regard to the termination of Ms. Martinez.   As an example of the lack of factual allegations, Defendants reference the excerpts of minutes of the NCSWA Board of Directors [Doc. 28] which was offered by Plaintiff as evidentiary support that Rio Arriba and Espanola were involved in the decision making of NCSWA.  The excerpts submitted by the Plaintiff from the NCSWA Board minutes "suggest nothing more than that during the process of debating financial and other non-employment related issues that could impact Rio Arriba and Espanola, the board representatives indicate that they need input from

their respective entities." [Doc. 30 at p. 3.] [3]

On November 11, 2011 Defendants filed their Response to Plaintiff's Motion to Amend. [Doc. 32.] Defendants argue that the proposed amended complaint is futile based on a fundamental misstatement of the law by the Plaintiff. Specifically, Defendants assert that Plaintiff misstates the law in the proposed amended complaint by alleging that Rio Arriba and Espanola are individually liable under the Act because NCSWA is a joint venture. [*Id*. at p. 2.] Defendants also argued that the proposed amended complaint's allegation that the NCSWA board was "upset" with Ms. Martinez, even if true, is an insufficient allegation to justify maintenance of a lawsuit against a government entity, citing *Monell v. Dep't of Soc. Servs. Of the City of New York*, 436 U.S. 658, 691-95 (1978) and *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-80 (1986).

Plaintiff filed her reply in support of Motion to File First Amended Complaint on December 2, 2011. Plaintiff argues that the Act "does not stand for the proposition that the principals to this joint venture are not legally responsible for the act or omissions of the entity created by the joint venture. The [Act] only states that the entity created by the joint venture is a separate entity." [Doc. 36 at p. 1.] The Plaintiff argues that her allegation of municipal liability in her proposed amended complaint is sufficient based on the allegation that the Defendants "ratified, approved, participated in or acquiesced ot [sic] the acts and omissions [of the manger

---

[3] The minutes are hearsay and the Court makes reference to them only for purposes of articulating the positions stated by the parties. Defendants' Motion to Dismiss is pursuant to Fed.R.Civ.P. 12(b)(6) and therefore the Court has not relied upon the minutes in its analysis or in formulating the opinion and order. Since the minutes are hearsay and not part of the record or evidence in this case, the court will not convert Defendants' Motion to Dismiss to a motion for summary judgment under Fed.R.Civ.P. 56. However, the Court would note that there does not appear to be anything in the minutes that would salvage the legal arguments advanced by Plaintiff.

of NCSWA] as set forth herein." [Doc. 36 at p. 3, citing ¶¶ 2 and 4 of the proposed first amended complaint (Doc. 23-1.]

**II. Analysis**

In this flurry of different motions, responses and replies, there emerge two issues this Court must decide: (1) whether the proposed first amended complaint is futile, and (2) whether Defendants Espanola and Rio Arriba should be dismissed as defendants from this lawsuit.

The Joint Powers Agreements Act, NMSA 1978, 11-1-1 et seq. provides that public agencies, including counties and municipalities of this state or another state, may enter into a written agreement to "jointly exercise any power common to the contracting parties" if so "authorized by their legislative or other governing bodies." NMSA 1978, 11-1-3. Any such joint powers agreements must be first approved by the "secretary of finance and administration as to the terms and conditions thereof." Id. The Act also provides as follows.

> Every agreement executed by one or more public agencies shall clearly specify the purpose of the agreement or for any power which is to be exercised. The agreement shall provide for the method by which the purpose will be accomplished and the manner in which any power will be exercised under such agreement.

NMSA 1978, 11-1-4.

> The agency provided by the agreement to administer or execute the agreement may be one of the parties to the agreement or a commission or board constituted pursuant to the agreement.
>
> <u>The administering agency under any such agreement shall be considered under the provision of the Joint Powers Agreements Act as an entity separate from the parties to the agreement</u>. (Emphasis provided.)

NMSA 1978, 11-1-5.

On November 27, 2002, pursuant to the Act, Rio Arriba, Espanola, the Santa Clara

Pueblo and the San Juan Pueblo entered into an agreement entitled "North Central Solid Waste Authority Joint Powers Agreement" (the "Agreement"). The Agreement provided, among other things, that it was the desire of the parties to form a regional solid waste disposal authority and "to provide staff, management assistance, planning and facilities therefor." [Doc. 23-4, Ex. 8 at p.1.] The Agreement specified the powers and duties of the NCSWA to include the authority to hire a manger whose responsibility would be to oversee the day to day operations of the NCSWA, and to employ and pay such personnel as the authority deems necessary for the proper administration, operation and maintenance of the NCSWA and to prepare all necessary personnel rules and regulations consistent with State law. [Doc. 23-4, Ex. 8 at p. 4.]

Plaintiff's Response to Motion to Dismiss (as well as her proposed amended complaint) characterizes the Agreement between Rio Arriba and Espanola which created the NCSWA as a "joint venture." [Doc. 24 at p. 6; Doc. 23-1 at ¶¶ 3 and 4.] Plaintiff provides no legal or factual basis to support this statement. In fact, the language of the Act contradicts this assertion.

The NCSWA is a creature of state statute. Contrary to Plaintiff's arguments, it is not a partnership or a joint venture. The NCSWA is, pursuant to the Joint Powers Agreements Act, "an entity separate from the parties to the agreement." NMSA 1978, 11-1-5. In addition, the parties to the Agreement which created the NCSWA stated specifically in the Agreement that the NCSWA "is a legal entity separate and distinct from the parties capable of acting on its own behalf and is liable for its own actions and obligations. Liability of the [NCSWA] shall not be deemed the liabilities of the parties, either separately or collectively." [Doc. 23-4, Ex. 8 at p. 5.] These statutory and contract provisions refute Plaintiff's assertion that Espanola and Rio Arriba

are part of a "joint venture." [4]

Plaintiff argues that the Act does not place a limitation to sue only the entity created under the Act nor does it bar the ability to sue the principals which formed the NCSWA. [Doc. 24 at pp. 5-6.]  She argues that the Act is unclear and urges this Court to certify a question to the New Mexico Supreme Court which would read as follows:  "Are the principal governmental entities liable for the acts and omissions of the entity formed under the Joint Powers Act, NMSA 1978, §11-1-1 et seq., when those principals participated in, ratified, and approved the acts of the JPA entity."

The Court disagrees with the Plaintiff; there is no need to certify a question to the New Mexico Supreme Court.  The Act is clear that NCSWA is, pursuant to the Act,  an <u>entity separate from the parties to the agreement</u>."  NMMSA 1978 § 11-1-5.   The NCSWA is not a joint venture as Plaintiff argues but rather an agency created pursuant to statute, responsible for its own employment decisions.

---

[4] The Agreement further provided under the heading of "Finances" as follows:
"The authority shall be primarily funded by the revenues generated from user fees.
   A. The Authority is a legal entity separate and distinct from the parties capable of acting on its own behalf and is liable for its own actions and obligations.  Liability of the Authority shall not be deemed the liabilities of the parties, either separately or collectively."    [Doc. 23-4, Ex. 8 at p. 5.]

THEREFORE, Plaintiff's Motion for Leave to File First Amended Complaint is DENIED as futile, and

Defendants City of Espanola and The Board of County Commissioners for Rio Arriba County's Motion to Dismiss is GRANTED.  Defendants City of Espanola and The Board of County Commissioners for Rio Arriba County are hereby dismissed as defendants from this case.

IT IS SO ORDERED.

_____
Alan C. Torgerson
United States Magistrate Judge, presiding