**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MICHELLE MARTINEZ,

       Plaintiff,

vs.                                             No. CIV-11-785  ACT/WDS

GINO R. ROMERO, in his individual
and Official capacities, NORTH CENTRAL
SOLID WASTE AUTHORITY, in its official
capacity, THE CITY OF ESPANOLA, in its
official capacity, and THE BOARD OF COUNTY
COMMISSIONERS FOR THE RIO ARRIBA
COUNTY, in its official capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on (1) Defendant Gino Romero's Motion to Dismiss Claims Against Defendant Gino R. Romero [Doc. 72] and Memorandum Brief in Support [Doc. 73] filed on March 9, 2012; Plaintiff's Response to Motion to Dismiss Claims Against Gino R. Romero filed March 24, 2012 [Doc. 82]; and Defendant's Reply Brief in Support of Motion to Dismiss Claims Against Defendant Gino R. Romero filed April 6, 2012 [Doc. 91]; (2) Defendant's Motion for Partial Dismissal of Claims Against Defendant North Central Solid Waste Authority filed on March 9, 2012 [Doc. 74] and Memorandum Brief in Support [Doc. 75]; Plaintiff's Response to Motion for Partial Dismissal of Claims Against Defendant NCSWA filed on March 24, 2012 [Doc. 81]; and Reply Brief in Support of Motion for Partial Dismissal of Claims Against Defendant North Central Solid Waste Authority filed on April 6, 2012 [Doc.92]; and (3) Stipulated Partial Dismissal of Claims Against Defendant Gino Romero by Plaintiff and

1

Defendants Romero and North Central Solid Waste Authority filed on March 23, 2012. [Doc. 79.]

**I. Background**

The First Amended Complaint ("Complaint") in this matter was filed on February 13, 2012. [Doc. 65.]   The Complaint alleges claims against Gino Romero ("Romero") in his individual and official capacity and the North Central Solid Waste Authority ("NCSWA"). Plaintiff makes four claims in connection with her employment and termination from NCSWA: (1) Breach of Contract, (2) Breach of Contract-Convenant of Good Faith and Fair Dealing, (3) Mandamus-Inspection of Public Records and (4) Violation of Due Process of Law.  [Doc. 65 at ¶¶30-53.]

The Complaint alleges that Romero, the manager of NCSWA, terminated her employment without cause in violation of the NCSWA policies and procedures.  She also claims that she was denied any post-termination hearing to which she was entitled pursuant to due process and the procedures of the NCSWA. [*Id.*] Plaintiff also alleges claims for breach of contract based on her employment with NCSWA and mandamus against Defendants relating to a claim brought under New Mexico's Inspection of Public Records Act for documents in the possession of NCSWA.  [*Id.* at ¶¶ 25- 36.]

On January 26, 2012, this Court granted summary judgement in favor of Plaintiff against NCSWA on the claim for violations of Inspection of  Public Records Act ("IPRA"). [Doc. 59.] By stipulation of the parties, the claim for alleged violations of IPRA as brought against Romero is dismissed with prejudice. [Doc. 79.] The parties also stipulated to the dismissal, with prejudice, of Plaintiff's claims for breach of contract and the breach of the covenant of good faith and fair dealing against Romero. [*Id.*]

The issues presented by the two contested motions which survive the Stipulated Partial Dismissal are: (1) whether NCSWA is immune from suit on Plaintiff's claim for breach of the implied covenant of good faith and fair dealing; (2) whether Plaintiff's claims for her vacation and sick leave are a property interest protected by the due process clause of the United States Constitution; and (3) whether Romero is entitled to qualified immunity on the Plaintiff's Section 1983 claim.

## II.  Standard of Review

"After the pleadings are closed–but early enough not to delay trial– a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c).  A Rule 12(c) motion is reviewed under the same standard as a Rule 12(b)(6) motion. *See Park Univ. Enters. V. Am. Casualty Co.,* 442 F.3d 1239, 1244 (10th Cir. 2006).  "In reviewing a motion to dismiss, [the] court must look for plausibility in the complaint. . . [which must include] 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist. No. 38,* 566 F.3d 1219, 1223-24 (10th Cir. 2009)(*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

A motion to dismiss challenges the legal theory of the complaint, not the sufficiency of any evidence that might later be adduced.  Disputed issues are generally construed favorably to the plaintiff, and all reasonable inference should be drawn in the plaintiff's favor.  *United States v. Mississippi*, 380 U.S. 128, 143 (1965).  However, recent rulings make clear that conclusory allegations and bare assertions are not sufficient to survive a motion to dismiss.  In addition, the assumption that allegations of the complaint are true is inapplicable to legal conclusions.

*Ashcroft v. Iqbal*, 556 U.S. 662, 674 129 S.Ct. 1937, 1949 (2009). Courts must carefully scrutinize a party's complaint to determine if an actionable claim is asserted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007). The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action. . ." A complaint is insufficient if it presents "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 555, 557.

### III. Analysis

    A.  <u>Sovereign immunity for state entities for claims based on unwritten contracts</u>.

As discussed above, the Complaint alleges a breach of contract claim, a procedural due process claim and a claim for breach of the covenant of good faith and fair dealing all based on NCSWA's Personnel Policies and Procedures handbook. [Doc. 65.] Plaintiff alleges that NCSWA's Personnel Policies and Procedures constitutes an implied employment contract which also allegedly contains an implied covenant of good faith and fair dealing. [Doc. 65 at p. 7-9 and at Ex. 1.] Thus, Plaintiff has alleged an implied, unwritten covenant of good faith and fair dealing in an implied, but written, document which she alleges is an employment contract.

NCSWA argues that the implied covenant of good faith and fair dealing is an unwritten contract and that it is immune from this claim based on NMSA 1978 § 37-1-23(A) which provides immunity to governmental entities "from actions based on contract, except based on a valid written contract." [Doc. 75 at pp. 3-4]. Plaintiff responds that the implied covenant of good faith and fair dealing is implied in every contract and that it would be inequitable to find that NCSWA is immune from claims for breach of the implied contract of good faith and fair dealing. [Doc. 81 at p. 6.]

It is undisputed by the parties that NCSWA is a governmental entity [Doc. 65 at ¶¶ 4, 42-44]. The parties also agree that the implied contract of good faith and fair dealing is a contract implied in law, as opposed to one implied in fact. [Doc. 75 at p. 3; Doc. 81 at p. 5.] *See also Garcia v. Middle Rio Grande Conservancy District,* 121 N.M. 728, 732, 918 P.2d 7, 11 (1996) and discussion below.

Under New Mexico law, "an employment contract may be <u>implied in fact</u> from a term exhibited in writing in, for example, a personnel policy manual." (Emphasis added.) *Garcia v. Middle Rio Grande Conservancy District,* 121 N.M. 728, 732, 918 P.2d 7, 11 (1996). Contracts implied in fact are distinguished from a contracts implied in law.

> Implied-in-fact contracts are "based on parties' mutual assent as manifested by their conduct." *Hydro Conduit*, 110 N.M. at 179, 793 P.2d at 861. Implied-in-law contracts, often called quasi-contracts, "are not based on the apparent intention of the parties to undertake the performances in question, nor are they promises. They are obligations created by law for reason of justice." *Id.* (quoting Restatement of Contracts § 5 cmt. a (1932)).

*Id.*

Here, NCSWA's Personnel Policies and Procedures handbook could be an implied in fact contract and, if so, NCSWA could be sued on that implied in fact contract of employment under the waiver of immunity set out in § 37-1-23(A). However, NCSWA cannot be sued on an implied in law contract of good faith and fair dealing. Although there is no New Mexico case addressing the implied contract of good faith and fair dealing specifically, the New Mexico Supreme Court has found that governmental entities cannot be sued on other implied in law contracts. *See, e.g., Eaton, Martinez & Hart, P.C. v. Univ. of N.M. Hosp.,* 1997- NMSC -015, ¶ 12, 123 N.M. 76, 934 P.2d 270 (refusing to apply common law fund doctrine because it is based on an implied-in-law theory and governmental entities are immune from such claims); *Hydro*

*Conduit Corp. v. Kemble*, 110 N.M. 173, 179, 793 P.2d 855, 861 (1990)(holding that Section 37-1-23(A) extends immunity to unjust enrichment claims because such claims are based on an implied-in-law theory.)

Plaintiff's claim for the breach of the convenant of good faith and fair dealing is a claim based on an implied in law theory and NCSWA, as a governmental entity, is immune from such a claim.  NMSA 1978  § 37-1-23(A)   The Plaintiff's claim for the breach of the convenant of good faith and fair dealing will be dismissed with prejudice for failure to state a claim.

B.  <u>Plaintiff's property interest in accrued vacation leave and sick leave</u>.

NCSWA seeks dismissal of Plaintiff's Fourteenth Amendment due process claim as it relates to her loss of accrued vacation and sick leave when she was terminated.  NCSWA includes Romero in this Motion to the extent he is sued in his individual and official capacity. [Doc. 73 at p. 6, ft. 2.]  The Court therefore considers this Motion as brought on behalf of both NCSWA and Romero ("Defendants").

Plaintiff claims that Defendants violated her due process rights by withholding her accumulated sick and annual leave without explanation when she was terminated. [Doc. 65 at ¶¶ 48 and 49.]  The due process clause encompasses two distinct forms of protection: (i) procedural due process, which requires a state to employ fair procedures when depriving a person of a protected interest; and (ii) substantive due process, which guarantees that a state cannot deprive a person of a protected interest for certain reasons. *See, e.g., County of Sacramento v. Lewis*, 523 U.S. 833 (1998). "Under either form of protection, however, a person must have a protected interest in either life, liberty, or property." *Chavez–Rodriguez v. City of Santa Fe*, No. CIV 07–0633, 2008 WL 5992271, at *6 (D.N.M. Oct. 9, 2008)(Browning, J.).

Plaintiff appears to be raising only a procedural due process claim in response to this motion. In any case, a substantive due process claim requires that the Court find the Defendants' conduct shocks the Court's conscience. *See, e.g., County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998); *Radecki v. Barela*, 146 F.3d 1227, 1230 (10th Cir.1998). The Court does not believe that the allegations in Plaintiff's Complaint regarding her alleged property interest in accrued vacation leave and sick leave rise to the high level of conduct necessary to shock the conscience of the Court.

The law governing procedural due process claims involve a two-step inquiry. First, the Court must determine whether the plaintiff possessed a protected interest such that due process protections are applicable, and, if so, the Court must determine whether the individual was afforded the appropriate level of process. *See, e.g., Watson v. University of Utah Med.Ctr.*, 75 F.3d 569, 577 (10th Cir. 1996). With respect to the first requirement, a plaintiff's protected property interest must arise out of an independent source, such as state law. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). Property interests "are created and their dimensions are defined by existing rules and understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Hyde Park Co. V. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000), *quoting Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). In general, courts look to state law to determine whether a property interest in employment exists. *Clinger v. New Mexico Highlands University Board of Regents*, 215 F.3d 1162, 1167 (10th Cir. 2000); *Chavez-Rodriguez v. City of Santa Fe*, 2008 WL 5992271, 7 (D.N.M.Oct. 9, 2008)(Browning, J.).

In New Mexico, employment without a written contract and for an indefinite period can be terminated at will by either party with or without cause. "[A]n employment contract is for an

indefinite period and is terminable at the will of either party unless the contract is supported by consideration beyond the performance of duties and payment of wages or there is an express contractual provision stating otherwise." *Hartbarger v. Frank Paxton Co.*, 115 N.M. 665, 668, 857 P.2d 776, 779 (1993). "New Mexico courts have recognized two exceptions to the general rule of at-will employment: wrongful discharge in violation of public policy (retaliatory discharge), and an implied contract term that restricts the employer's power to discharge." *Id.*

In this case, whether the NCSWA's Personnel Policy and Procedures handbook constitutes an implied contract of employment with Plaintiff is not currently at issue. As discussed above, under New Mexico law, it *might* constitute a binding employment contract and, if so, Plaintiff's employment with NCSWA *could possibly* be a property interest protected by the Fourteenth Amendment due process clause. *Id.* However, the issue presented here is whether ancillary employment benefits, such as sick leave or vacation leave, are constitutionally protected property interests in New Mexico.

The Supreme Court of New Mexico has stated: "The definition of property centers on the concept of entitlement; therefore, interests in government benefits will be recognized as constitutional 'property' if the person can be deemed 'entitled' to them." *Bd. of Education of Carlsbad v. Harrell*, 118 N.M. at 477, 882 P.2d at 518 (citation omitted). Here, NCSWA's Personnel Policy and Procedures handbook states that "[w]hen an employee has been discharged from employment. . . [the discharged employee] must be paid by the next regular payroll period following termination to include accrued vacation, compensatory time, and qualifying sick leave." [Doc. 65, Ex. 1 at p. 25 of 41.] Based on this language, the Plaintiff *could* have a contractual property interest in her accrued vacation, compensatory time, and qualifying sick

leave *if* NCSWA's Personnel Policy and Procedures handbook creates an implied contract of employment with her.

However, even assuming that Plaintiff's employment was governed by an implied contract in NCSWA's Personnel Policy and Procedures handbook, and assuming further that she does have a constitutionally protected property interest in her employment because of that implied contact, she does not necessary have a <u>constitutionally</u> <u>protected</u> <u>property</u> interest in the ancillary benefits of vacation leave and sick leave.  The Supreme Court of the United States has held that a simple breach of contract claim does not give rise to a claim under 42 U.S.C. § 1983. In *Shawnee Sewerage & Drainage Co. v. Stearns*, 220 U.S. 462  (1911), the Court held that when "[a] simple breach of contract is ... alleged[,] .... [t]he breach of a contract is neither a confiscation of property nor a taking of property without due process of law."  *Id*. at 471.   More recently, the Supreme Court affirmed that, where a state provides a remedy though a breach of contract suit in state court, there is no due process violation where a contract is not paid by the state. See *Lujan v. G & G Fire Sprinklers, Inc*., 532 U.S. 189, 195-96 (2001).

In *Lujan v. G & G Fire Sprinklers, Inc*., the Supreme Court assumed, without deciding, that the state statutory scheme depriving contractors of payment constituted a property interest, but then held "it is an interest, unlike the interests discussed above [that require a pre-deprivation hearing to comport with due process], that can be fully protected by an ordinary breach-of-contract suit."  532 U.S. at 196.  Accordingly, the Court ruled: "We hold that if California makes ordinary judicial process available to respondent for resolving its contractual dispute, that process is due process."  532 U.S. at 197.

The Supreme Court of New Mexico has also held that a breach of contract case, "for which the state provides a complete and adequate remedy [,]" does not raise any "issue

9

concerning procedural due process." *Scott v. Bd. of Comm'rs of the County of Los Alamos*, 109 N.M. 310, 312, 785 P.2d 221, 223 (1989).  In *Scott v. Bd. of Comm'rs of the County of Los Alamos*, the Supreme Court of New Mexico held: "Just as the availability of a post-deprivation state tort remedy satisfied the dictates of procedural due process in *Parratt [v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) ], so plaintiffs' right to sue for breach of contract in the state court system comports with the Fourteenth Amendment here." *Id*. at 109 N.M. at 312, 785 P.2d at 223.

In *Gannett Fleming West, Inc. v. Village of Angel Fire,* 375 F.Supp.2d 1104, 1108 -1109 (D.N.M. Nov. 30, 2004)(Browning, J.) one of the District Judges in this Court cited with approval the Sixth Circuit opinion of *Ramsey v. Board of Education of Whitley County, Kentucky,* 844 F.2d 1268 (6th Cir. 1988).   In *Ramsey*, the Sixth Circuit found that even when a plaintiff has a property interest in accrued vacation or sick leave, like the Plaintiff here may have, a Section 1983 action is not available when state law provides an adequate remedy.  The Sixth Circuit held that "an interference with a property interest in a <u>pure benefit of employment, as opposed to an interest in the tenured nature of the employment itself</u>, is an interest that can and should be redressed by state breach of contract action and not by a federal action under section 1983" and held that the plaintiff's property interest in sick leave or vacation leave was not a constitutionally protected property interest. (Emphasis added.)  *Id.* at 1274-75.

Similarly here, Plaintiff is alleging a deprivation of a property interest in vacation and sick leave, "a loss which is defined easily [days times the amount of compensation per day] and therefore, any interference with that interest is redressed adequately in a state breach of contract action."  *Id.* at 1274.  This property interest is a "pure benefit of employment" and not an interest in the employment itself and should be redressed by a state law breach of contract claim.

10

Plaintiff's claim for violation of her due process rights in connection with her accrued vacation and sick leave is dismissed with prejudice.

### C. Qualified immunity for Romero on Plaintiff's 1983 claim.

Romero argues that he is entitled to qualified immunity on Plaintiff's claim that she was deprived of her property, specifically her employment, without due process of law. He correctly states that qualified immunity should be resolved at the earliest possible stage of litigation. *See Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir.1995) (*quoting Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991); *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir.2001). Here, Romero raises qualified immunity in a Motion to Dismiss.

Qualified immunity shields government officials from liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 230 (2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Pearson v. Callahan*, 555 U.S. 223, 231 *quoting Groh v. Ramirez*, 540 U.S. 551, 567, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) (KENNEDY, J., dissenting) (*quoting Butz v. Economou*, 438 U.S. 478, 507, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), for the proposition qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law"). A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability. Here, Romero is sued in his official and individual capacity based on his personal involvement in the alleged constitutional violation. *See, e.g., Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir.2011). He participated in the termination of Plaintiff's employment with NCSWA. [Doc. 65 at ¶ 16 and at Ex. 2 and 3.]

When a defendant asserts qualified immunity, the responsibility shifts to the plaintiff to meet a "heavy two-part burden." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir.2001). The plaintiff must demonstrate on the facts alleged: (i) that the defendant's actions violated his or her constitutional or statutory rights; and (ii) that the right was clearly established at the time of the alleged unlawful activity. *See Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir.2009); *Casey v. W. Las Vegas Indep. Sch. Dist.*, 473 F.3d 1323, 1327 (10th Cir.2007). The Court is permitted to exercise its sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. *Pearson v. Callahan*, 555 U.S. at 231-236.

Romero urges the Court to first focus on the second prong of the analysis, whether the Plaintiff's right to employment was clearly established at the times she was terminated. In determining whether a right was clearly established, the court asks whether the right was sufficiently clear that a reasonable person in the individual defendant's shoes would understand that what he or she did violated that right. *See Casey v. W. Las Vegas Indep. Sch. Dist.*, 473 F.3d at 1327.

Here, Plaintiff's alleged constitutional due process claim stems from her alleged protected property interest in her employment which she claims were created by the NCSWA Personnel Policies and Procedures. [Doc. 65 at ¶¶ 46-49 and at Ex. 1.] She claims that the NCSWA Personnel Policies and Procedures provided that she could be terminated only for cause because she was a "classified employee." [1] [Doc. 65 at ¶¶ 6-16.] Romero argues that the

---

[1] As discussed in Section III.B., the Court has determined that Plaintiff does not have a constitutionally protected property interest in her employment benefits of accrued vacation time and sick leave.

12

NCSWA Personnel Policies and Procedures were so ambiguous at the time of her termination that a reasonable person in his shoes could not tell whether she was entitled to termination for cause or was employed at-will and that ambiguity in the Personnel Policies and Procedures entitles him to qualified immunity.  He relies on *Cockrell v. Bd. of Regents of N.M. State Univ.*, 1999-NMCA-073, ¶ 14, and the cases cited therein, to support his claim that ambiguity with regard to the scope of the alleged contractual relationship means that the individual defendant is entitled to qualified immunity.

Plaintiff argues that her position of Administrator/Assistant manger is not one of the enumerated positions exempt from termination for cause in the NCSWA Personnel Polices and Procedures handbook and that she was a "classified, full time employee" who could be terminated only for cause. [Doc. 65 at ¶¶ 6-11; Doc. 82 at p. 8; and Doc. 82 at Ex. 1, Plaintiff's Declaration.]  Romero argues that the NCSWA Personnel Polices and Procedures handbook shows she was exempt, or at the very least, the classification of her particular job as exempt or non-exempt is so ambiguous that it is impossible to tell if Plaintiff was categorized as an appointed employee terminable at will or a classified employee who can only be terminated for cause. Based on this contractual ambiguity, he argues that it is difficult "to demonstrate that a summary discharge violated clearly established legal rights in the discharged employee" [Doc. 73 at p. 11, quoting *Cockrell v. Bd. of Regents of N.M. State Univ.*, 1999-NMCA-073, ¶ 14] and that because there is an ambiguity,  Romero is entitled to qualified immunity since it cannot be determined if he acted unreasonably when he interpreted the provisions in the NSCWA Personnel Policies and Procedures handbook.

The Plaintiff attached only portions of the NCSWA Personnel Policies and Procedures attached to the Complaint.  Plaintiff attached pages 9-10, 23-24, 32-33, 39-40, 42-43, 49, and 55.

[Doc. 65 at Ex. 1.]  In his Motion to Dismiss, Romero attaches what appears to be another page from the NCSWA Personnel Policies and Procedures handbook [Doc. 73 at Ex. A] as well as two staffing organizational charts [Doc. 73 at Ex. B and C].  Romero's exhibits are not authenticated and the Court will not consider them in deciding this Motion to Dismiss although it appears that Plaintiff does not contest their authenticity.

It is impossible to determine on the pleadings whether the contractual right upon which Plaintiff rests her constitutional claim is so ambiguous as to entitle Romero to qualified immunity.  There is a dispute of fact as to whether Plaintiff was a classified or exempt employee.  If Plaintiff is correct, the Complaint states a claim to relief that is plausible on its face.  Based on the pleadings and submission by counsel the allegations rise above mere speculation.  Therefore, the Court will deny Romero's Motion to Dismiss Plaintiff's constitutional claims based on qualified immunity.  If subsequent discovery sheds additional light on the issue, Romero can file a Motion for Summary Judgment under Fed.R.Civ.P.  56.

## Conclusion

1.  Romero's Motion to Dismiss Claims Against Defendant Gino R. Romero [Doc. 72 ] based on qualified immunity is DENIED.

2.  Defendants' Motion for Partial Dismissal of Claims Against Defendant North Central Solid Waste Authority [Doc. 74] is GRANTED and (a) Plaintiff's claim for breach of implied covenant of good faith and fair dealing is dismissed with prejudice as to all Defendants, and (b) Plaintiff's claim for violation of due process to the extent the claim is based on the alleged denial of payment  of Plaintiff's accrued vacation and sick leave is dismissed with prejudice as to all Defendants.

3.  By this Court's Memorandum Opinion and Order [Doc. 59] granting summary judgment in favor of Plaintiff against NCSWA on the claim for violation of the IPRA, and by the parties' Stipulation as to Romero [Doc. 79], the Plaintiff's claim against Romero for violation of the IPRA is dismissed with prejudice.

4.  By the parties' Stipulation as to Romero [Doc. 79], the Plaintiff's claim against Romero for breach of contract is dismissed with prejudice.

**IT IS SO ORDERED**.

_____
Alan C. Torgerson
United States Magistrate Judge,
Presiding by Consent