IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


MICHELLE MARTINEZ,

    Plaintiff,

vs.                                      No. CIV-11-785  ACT/WDS

GINO R. ROMERO, in his individual
and Official capacities, NORTH CENTRAL
SOLID WASTE AUTHORITY, in its official
capacity, THE CITY OF ESPANOLA, in its
official capacity, and THE BOARD OF COUNTY
COMMISSIONERS FOR THE RIO ARRIBA
COUNTY, in its official capacity,

    Defendants.

**ORDER**

This matter comes before the Court on Defendants' Motion to Strike Plaintiff's Exhibits or, Alternatively, To Grant Leave to File Surreply Brief filed on May 7, 2012 [Doc. 105.]

On March 28, 2012, Plaintiff had filed a Motion for Partial Summary Judgment on Contract and Due Process Claims Arising out of Non Payment of Her Sick and Annual Leave [Doc.84] and Memorandum in Support [Doc. 85]. The Memorandum attached various pages (pp. 7, 14, 37, 49, 50 and 55) from a North Central Solid Waste Authority ("NCSWA") Personnel Policies and Procedures "Effective November 12, 2004 Amended June 9, 2008." [Doc. 85 at Ex.

1

1-B.] [1] On April 16, 2012, Defendants filed a Response Brief Opposing Plaintiff's Motion for Partial Summary Judgment on Contract and Due Process Claims Arising out of Non-Payment of Sick and Annual Leave [Doc. 95].  On May 2, 2012, Plaintiff filed her Reply to Response to Motion for Partial Summary Judgment on Contract and Due Process Claims Arising out of the Non-Payment of Sick and Annual Leave [Doc. 101].  This Reply attached various pages (pp. 48, 49, 50 and 51) from a NCSWA Personnel Policies and Procedures "Effective November 12, 2004." [Doc. 101 at Ex. A].   The content on pages 49 and 50 from Doc. 101 at Ex. A are completely different from the content on pages 49 and 50 from Doc. 85 at Ex. 1-B.   Thereafter, Plaintiff filed a Notice of Supplemental Authority in Support of Reply to Response to Motion for Partial Summary Judgment on Contract and Due Process Claims arising out of the Non-Payment of sick and Annual Leave [Doc. 104] which attached what purports to be a NCSWA "Resolution 2008-015, 2008-2009 Employee Payroll Adjustments." [*Id.*] Defendants' Motion to file a Surreply followed. [Doc. 105.]

The Tenth Circuit mandates that "Rule 56(c) simply requires that if the court relies on new material or argument in a reply brief, it may not forbid the nonmovant from responding to these new materials."  *Beaird v. Segate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998). Districts courts have the option of either disregarding additional evidence submitted by a party moving for summary judgment or providing the non-movant the opportunity to file a surreply. *Apodaca v. Discover Fin. Servs.,* 417 F.Supp.2d 1220, 1227 (D.N.M. 2006).

Pursuant to D.N.M.LR-Civ. 7.4(b), the Court grants Defendants leave to file a surreply as they have outlined in their Motion to Strike Plaintiff's Exhibits or, Alternatively, to Grant Leave

---

[1] Portions of the same Personnel Policies and Procedures is attached to the First Amended Complaint. [Doc. 65 at Ex. 1.]

to File Surreply Brief. [Doc. 105.] The surreply must be filed within ten (10) days of entering this Order.

**IT IS SO ORDERED**.

_____
Alan C. Torgerson
United States Magistrate Judge, presiding