**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHELLE MARTINEZ,

        Plaintiff,

vs.   No. CIV-11-785  ACT/WDS

GINO R. ROMERO, in his individual
and Official capacities, NORTH CENTRAL
SOLID WASTE AUTHORITY, in its official
capacity,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment on Contract and Due Process Claims Arising Out of Non Payment of Her Sick and Annual Leave and Memorandum in Support filed March 28, 2012 [Doc. 84 and Doc. 85]; Defendants' Response Brief Opposing Plaintiff's Motion for Partial Summary Judgment on Contract and Due Process Claims Arising Out of Non Payment of Her Sick and Annual Leave filed April 16, 2012 [Doc. 95]; Plaintiff's Reply to Response to Motion for Partial Summary Judgment on Contract and Due Process Claims Arising Out of Non Payment of Her Sick and Annual Leave filed May 5, 2012 [Doc. 101]; Plaintiff's Notice of Supplemental Authority to Reply to Response to Motion for Partial Summary Judgement filed May 8, 2012 [Doc. 104]; and Defendants' Surreply Brief Opposing Plaintiff's Motion for Partial Summary Judgment filed May 21, 2012 [Doc.

1

112].[1]

## I. Background

Plaintiff's Motion for Partial Summary Judgment on Contract and Due Process Claims Arising Out of Non Payment of Her Sick and Annual Leave ("Plaintiff's Motion for Summary Judgment")[Doc. 84 and Doc. 85] seeks summary judgment on her contract claims and due process claims arising out of alleged non-payment of her sick and annual leave.  On May 4, 2012 the Court dismissed with prejudice Plaintiff's due process claim "to the extent that the claim was based on an alleged denial of Plaintiff's accrued vacation and sick leave." [Doc. 103 at p. 14.] Therefore, the only remaining issue in Plaintiff's Motion for Partial Summary Judgement is whether there are any genuine disputes as to any material fact that would preclude finding that North Central Solid Waste Authority ("NCSWA") breached its contract with Plaintiff by failing to pay her accumulated sick leave and vacation leave upon her termination.  As discussed below, because there remain multiple disputed material facts, the Motion for Partial Summary Judgment on the contract claim will be denied.

## II. Summary Judgement Standard

Fed. R. Civ. P. 56 governs summary judgment. Summary judgment is appropriate only in cases where, looking at the facts in the light most favorable to the non-moving party, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

---

[1] After the Motion for Partial Summary Judgement was fully briefed, the Court permitted Defendants to file a Surreply [Doc. 107] because Plaintiff had submitted new evidence in her Reply brief. [Doc. 101].

to judgment as a matter of law." Fed.R.Civ.P. 56(a).  An issue of fact is disputed, or genuine, if there is sufficient evidence so that a rational trier of fact could find for the non-movant.  *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir. 1999).  "An issue of fact is 'material if, under the substantive law, it is essential to the proper disposition of the claim.'"  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).  The burden is on the movant to show there is an absence of evidence to support the non-moving party's case.  *Celotex*, 477 U.S. at 325.

Fed.R.Civ.P. 56(d) provides that when facts are not available to the nonmovant, and the nonmovant shows by affidavit that it cannot present facts essential to justify its opposition to the motion the court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.*

Defendants assert, and show by affidavit, that they cannot present facts essential to justify their opposition to the Plaintiff's Motion for Partial Summary Judgment. [Doc. 112-1 at Ex. N, Affidavit of Quentin Smith, Defendants' counsel.]  The affidavit establishes that Defendants wish to obtain further evidence in Plaintiff's possession regarding her time off for vacation and sick leave during her employment with NCSWA.  They have tendered written interrogatories and requests for production regarding these facts. [*Id.*] Furthermore, they plan to take the deposition of the Plaintiff prior to the discovery deadline of July 2, 2012. [*Id.*] [2]

---

[2] The discovery in this case was stayed on March 26, 2012 [Doc. 83] in response to a joint motion to stay the discovery filed on March 23, 2012 [Doc. 80] which sought the stay pending the resolution of the Defendants' motion to dismiss claims against Defendant Romero based on qualified immunity.  Two days following Magistrate Judge Schneider's Order on March 26, 2012 which stayed the discovery,  Plaintiff filed her Motion for Partial Summary Judgment [Doc. 84].  The stay was lifted on May 10, 2012 [Doc. 108] after this Court issued its Memorandum Opinion and Order on qualified immunity and other matters [103].

The Court finds that the Motion for Partial Summary Judgment could be denied on this basis alone.  However, Defendants have presented sufficient admissible evidence to preclude summary judgment and the Court will address Plaintiff's Motion for Partial summary Judgment on the merits.

### III. Undisputed Facts

The following facts are undisputed.

1.  Ms. Martinez began her employment with NCSWA in October 2004. [Doc. 85 at p. 2; Doc. 95 at p. 2.][3]

2.  Ms. Martinez was terminated by Mr. Romero, the manager of NCSWA, on July 19, 2011. [*Id.*]

3.  On June 20, 2011 and in accordance with NCSWA Policies and Procedures effective November 12, 2004, Amended June 9, 2008 at ¶ 10.14, Plaintiff requested 40 hours of her sick leave be converted to vacation leave. [Doc. 85 at p. 2-3;  Doc. 95 at p. 2.]

4.  Mr. Romero honored Plaintiff's request to convert the 40 hours of sick leave to vacation leave. [Doc. 85 at p. 3;  Doc. 95 at p. 2.]

5.  The  NCSWA Policies and Procedures effective November 12, 2004, Amended June 9, 2008, ¶ 10.12, provide that regular employees who are terminated shall be paid for unused vacation leave at their regular rate. [*Id.*]

---

[3] The Court would be greatly aided if both counsel for Plaintiff and Defendants consistently refer to previous briefs or other documents filed in the case by its docket number, and not the name of the pleading.  The docket number of each document filed appears at the top of the each page.  For example, if a party is referring to Plaintiff's Motion for Partial Summary Judgment, that document should be cited as: Doc. 85 at p. X.  If the parties are referring to an exhibit attached to a pleading, the proper citation is: Doc. 85 at Ex. 1.  If there is a particular page in the exhibit that the party whiches to direct the Court's attention, the proper citation is: Doc. 85 at Ex. 1 at pp. 1-2.

6. The NCSWA Policies and Procedures effective November 12, 2004, Amended June 9, 2008, ¶ 10.20, provide that: "Terminated employees leaving in good standing will be paid up to 80 hours of their accumulated sick leave. The employee will not be paid sick leave if not in good standing." [Doc. 85 at p. 3; Doc. 95 at p. 3.]

7. Defendants did not tell Plaintiff that she was not in good standing when she was terminated nor did they provide her with a reason for her termination. [*Id.*]

8. The NCSWA Policies and Procedures effective November 12, 2004, Amended June 9, 2008, ¶ 11.1 provide that: "An additional check must be paid by the next regular payroll period following termination to include any accrued vacation, compensatory time, and qualifying sick leave." [Doc. 85 at p. 4; Doc. 95 at p. 4.]

9. Defendants have not paid Plaintiff for any accrued vacation and qualifying sick leave. [*Id.*]

10. Mr. Romero is the Manager for NCSWA, manages the day-to-day operation of NCSWA, manages employees within NCSWA, has the power to hire and fire NCSWA employees, and has the "sole authority to discipline employees." [*Id.*]

**IV. Disputed Facts**

The disputed facts revolve around Plaintiff's correct rate of pay per hour as of the date of her termination, the correct amount of her accumulated vacation and sick leave, whether she was an employee in "good standing" when she was terminated, and whether her contract claim could be barred by the doctrine of unclean hands.

Plaintiff claims that she is entitled to 801.9 hours of vacation leave and 80 hours of sick leave. Defendants dispute this assertion and state that Plaintiff is attempting "to seize upon her own erroneous (at best) or fraudulent (at worst) record-keeping to recover approximately

$30,000.00 from NCSWA in unpaid vacation and sick leave." [Doc. 112 at pp. 1-2.] Defendants present admissible evidence[4] which creates genuine disputed issues with regard to the proper amount of her accrued sick leave and vacation leave, her rate of pay and whether Plaintiff should be prevented from recovering anything based on the affirmative defense of unclean hands.

1. <u>Plaintiff's start date (and the resulting possible transfer or non-transfer of accrued vacation leave from the City of Espanola) and her sick leave and vacation accrual rates</u>.

Plaintiff asserts that her start date with NCSWA was April 1, 1998. Defendants assert that Plaintiff's start date was October 2004. Pursuant to NCSWA's Personnel Policies and Procedures, effective November 12, 2004, Plaintiff claims that she is entitled to a greater rate of vacation and sick leave accrual because she transferred to NCSWA from her employment with the City of Espanola. [Doc. 101 at pp. 5-7.] The Defendants present evidence that the Plaintiff did not transfer from the City of Espanola to NCSWA, as some employees did, but rather voluntarily resigned from the City of Espanola to accept employment elsewhere. [Doc. 112 at pp. 3-4 *citing* Doc. 95-1 at Ex. D *compare with* Doc. 112 at Ex. O and P.] Furthermore, admissible evidence reflects that the Plaintiff was paid for 340.60 hours of accrued annual leave when she "voluntarily resigned" from the City of Espanola and that this leave was not transferred to NCSWA. [Doc. 95-1 at Ex. E.] In addition, if she was a "new" employee at NCSWA, as the admissible evidence suggests, she would not be entitled to the higher accrual rate for "transferred" employees and should have accrued much less than the 801.95 hours that

---

[4] Plaintiff argues that all of Defendants' exhibits are inadmissible. [Doc. 101.] The Court has reviewed the business record exhibits and finds that they are admissible as business records pursuant to Federal Rule of Evidence 803(6) or Federal Rule of Evidence 803(8). The exhibits which are declarations are also admissible; they were made under oath and are therefore admissible and accorded reasonable inferences in light most favorable to the nonmoving party. *See Foster v. Allied Signal Inc.*, 293 F.3d 1187, 1192 (10th Cir. 2002).

she now seeks recovery for in this lawsuit.

Further, even assuming for the purposes of argument that Plaintiff was in fact a "transferred" employee from the City of Espanola, Defendants present admissible evidence that Plaintiff still calculated her accrual rates higher than permitted by the policies and her years of service. [Doc. 112 at pp. 5-6, relying on Doc. 101 at Ex. 1-A, Doc. 112 at Ex. Q and Ex. R.] Genuine disputes remain regarding Plaintiff's start date with NCSWA, and her sick leave and vacation accrual rates.

    2. <u>Plaintiff's actual sick leave and vacation leave taken</u>.

Defendant submits evidence that Plaintiff recorded no vacation or sick leave from July 15, 2006 through June 29, 2007 and no vacation leave from February 6, 2009 through June 10, 2011. [Doc. 112 at Ex. S.[5]] Defendants also present sworn affidavits of three individuals who testify that they either recall Plaintiff taking a vacation or vacations, recall Plaintiff being out of the office for extended periods of time, and recall being instructed to go into Plaintiff's office while she was away and draft an email from Plaintiff's computer to the Board of Directors of NCSWA. [Doc. 112-1 at Ex. T, U and V.] Defendants also present admissible evidence which contradicts Plaintiff's recorded medical leave. [Doc. 112-1 at p. 7-8, Ex. U, V, W, X, Y and Z.] Disputed issues of fact remain regarding this material issue.

---

[5]The Court notes that Doc. 112-1 at Ex. S is a summary of Plaintiff's payroll records which Defendants indicate total over 100 pages. "The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recording, or photographs that cannot be conveniently examined in Court." Fed.R.Evid. 1006. Defendant has offered to produce the supporting payroll records to the Court for its review [Doc. 112 at ftn. 4.] Plaintiff has not objected nor challenged this summary. The Court will consider Doc. 112-1 at Ex. S as admissible for purposes of Plaintiff's Motion for Partial Summary Judgment without requiring Defendants to produce the supporting payroll records.

3. Plaintiff's rate of pay.

As of the date of Plaintiff's termination, she was paid $34.00 an hour. [Doc. 85 at p. 3.] Defendants dispute that $34.00 was Plaintiff's correct hourly rate and allege that the rate of $34.00 included an unauthorized pay increase which Plaintiff gave herself.  [Doc. 85 at p. 3, Doc. 95 at p. 3.] Defendants present admissible evidence that Plaintiff's Payroll Change Request Form resulting in her pay of $34.00 an hour was not approved, or not approved in the same manner as other employee's pay raises. [Doc. 95 at Ex. I; Doc. 112 at pp. 8-9.] Disputed issues of fact remain regarding this material issue.

4. Affirmative defense of unclean hands.

Defendants raised the affirmative defense of unclean hands in their Answer. [Doc. 20 at p. 6] and argue that genuine issues of material fact exist on whether Plaintiff's unclean hands should bar any recovery on her breach of contract claim. [Doc. 95 at p. 14.]  Plaintiff responds that New Mexico has never applied the doctrine of unclean hands defense to a common law claim for damages and argue that, in New Mexico, it is strictly applied as an equitable defense. [Doc. 101 at p. 11.]

The Court is unable to find any authority in New Mexico which states that the doctrine of unclean hands can only act to bar equitable remedies.  In *Randles v. Hanson*,  258 P.3d 1154, 1161 (Ct.App.2011), although the New Mexico Court of Appeals did not apply the doctrine of unclean hands to bar the plaintiff's claim for $100,000 in damages, neither did it dismiss the applicability of the unclean hands doctrine outright.  The Court is aware that the practice of applying the doctrine of unclean hands only to equitable claims is changing. *See* T.Leigh Anenson, *Limiting Legal Remedies: an Analysis of Unclean Hands*, 99 Ky. L.J. 63, 73-99 (2010)(collecting federal and state cases that have declared the doctrine of unclean hands to be

available in an action at law.)   The doctrine is invoked in circumstances where the complainant has "dirtied [his or her hands] in acquiring the right he [or she] now asserts." *Romero*, 2003–NMCA–124, ¶ 38, 135 N.M. 1, 83 P.3d 288 (internal quotation marks and citation omitted).  The decision of whether or not the facts and circumstances warrant the application of this doctrine rests within the sound discretion of the court.  *Id*. at ¶ 37.  The observation of the Connecticut state court is very persuasive: "The doctrine of unclean hands exists to safeguard the integrity of the court.  The integrity of the court is no less worthy of protection in action at law, than in actions in equity."  *First Fairfield Funding, LLC v. Goldman,* 2003 WL 22708882, *2 (Conn.Super.Ct. 2003)(unpublished).

The Court will defer ruling on whether to apply the doctrine of unclean hands in this case until trial.

## Conclusion

The Defendants have submitted sufficient admissible evidence of genuine disputes of multiple material facts; therefore, Plaintiff's Motion for Partial Summary Judgment is DENIED.

**IT IS SO ORDERED**.

_____
Alan C. Torgerson
United States Magistrate Judge, presiding