IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHELE MARTINEZ,

    Plaintiff,

v.                                                     Case No. 1:11-cv-785 ACT/WDS

GINO R. ROMERO, in his individual and
official capacities, and NORTH CENTRAL
SOLID WASTE AUTHORITY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant North Central Solid Waste Authority's (NCSWA's) Motion to Compel [Doc. 122], Plaintiff Michele Martinez's response [Doc. 138], and NCSWA's reply [Doc. 145.] Having considered the briefs and the applicable law, the Court: (1) GRANTS the Motion to Compel; (2) DENIES Plaintiff's request for *in camera* inspection; (3) GRANTS Defendant fees and expenses in the amount of $300.00; and (4) GRANTS Defendant's request to re-open Plaintiff's deposition.

**I.**      **BACKGROUND**

Plaintiff Michele Martinez was terminated from her job at NCSWA in July 2011. [Doc. 150, ¶ 16.] She asserts NCSWA breached its contract with her by firing her without cause and without a hearing. [Id., ¶ 44.] She also asserts that NCSWA failed to pay her accrued annual leave totaling approximately $27,266 and sick leave totaling approximately $2,720. [Id., ¶¶ 44, 55–56.]

NCSWA served written discovery (six interrogatories and seven requests for production) inquiring into Ms. Martinez's vacation and travel activity for the approximately seven years she was employed by NCSWA. The interrogatories ask Ms. Martinez to identify: (1) all vacation, personal,

and business travel; (2) all travel awards accounts, such as frequent flyer, hotel and rental car reward accounts; (3) all secondary residences, vacation homes, timeshares, townhomes, condominiums, and cabins in which Ms. Martinez holds an ownership interest; (4) cellular and mobile data service providers; (5) credit and debit card accounts; and (6) bank accounts. [Doc. 123-1 at 1–3.]

The requests for production ask Ms. Martinez to produce: (1) all documents described or relied upon in answering the interrogatories; (2) all travel documents related to vacation, personal, and business travel; (3) documents related to travel awards accounts; (4) documents related to Ms. Martinez's secondary residences, vacation homes, townhomes, condominiums, and cabins; (5) cellular telephone records; (6) her monthly credit and debit card statements; and (7) her monthly bank statements. [Doc. 123-1 at 3–5.]  All the discovery requests are limited in time to the approximately seven-year period Ms. Martinez was employed at NCSWA.

Ms. Martinez did not answer any of the interrogatories, nor did she produce any documents. She responded to each interrogatory and request for production with the following or some variation thereof:

> Plaintiff objects to this interrogatory [or request] on the grounds it is not reasonably calculated to lead to admissible evidence at trial.  Under the terms and conditions of the NCSWA Personnel Policies and Procedures (Amended 9 June 2008), NCSWA was required to pay Ms. Martinez up to 80 hours of sick leave and unused and accrued vacation pay by the next pay period after the termination date.  Thus, NCSWA had to formulate its basis and have its legitimate reasons as of that date and not some date later.  Additionally, this information is private, confidential, and personal.  Release of such information may lead to identity theft.

[Doc. 123-1 at 1–6.]  NCSWA moves to compel full responses.

## II. DISCUSSION

### A. Legal Standards

The Federal Rules of Civil Procedure describe the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of person who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

Rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be raised in a case." *Anaya v. CBS Broadcasting, Inc.*, 251 F.R.D. 645, 649–50 (D.N.M. 2007) (Browning, J.) (citation and quotation marks omitted; alteration in original). The federal discovery rules reflect the courts' and Congress' recognition that "mutual knowledge of all relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392 (1947).

### B. Analysis

#### 1. Ms. Martinez's travel activity during her employment at NCSWA is relevant.

The relevance of NCSWA's discovery requests is apparent on their face. Ms. Martinez claims NCSWA breached the employment contract by failing to pay approximately $30,000 in accrued annual and sick leave after it terminated her employment. NCSWA asserts the leave balances may be artificially, and possibly fraudulently inflated because Ms. Martinez failed to account for all the leave she actually took. The interrogatories and requests for production NCSWA propounded are thus calculated "to discover whether Plaintiff actually went on vacations during periods of time from which she deducted no leave from her vacation balances." [Doc. 123 at 1.] Information regarding Ms. Martinez's travel activities is relevant because it will help determine if her leave balances comport with reality or if they are artificially inflated because they do not reflect all the time that she was away from work.

Ms. Martinez argues it is irrelevant that she may have failed to properly deduct her leave because: (1) the "mend the hold" doctrine prevents NCSWA from relying on evidence it acquired after it discharged her; (2) a New Mexico statute, NMSA 1978, section 50-4-4, requires NCSWA to pay her accrued vacation and sick leave within five days of discharge; and (3) NCSWA will not be able to assert equitable defenses against her common law claims. She suggests that the state of the law on these questions is unsettled and may require certification to the Supreme Court of New Mexico.

Ms. Martinez's argument under the mend the hold doctrine is that NCSWA is "locked into" the reasons and evidence it had at the time it allegedly breached the employment contract. She claims that NCSWA is not entitled to discovery because it "must rest upon the evidence and reasons it had at the time of the decision not to pay Martinez—not some evidence it acquires later." [Doc. 138 at 3.]

Her second argument is that a New Mexico statute requires employers to pay unpaid wages and compensation within five days of discharge, and the same statute provides for penalties if payment is withheld. She argues that New Mexico case law supports her position that accrued vacation and sick leave fall within the meaning of "wages" under the statute. Her third argument is that NCSWA bears the burden of persuasion on its unclean hands defense, and that the defense may not be available for a breach of contract claim.

Ms. Martinez's arguments regarding the legal merits of her claims and NCSWA's defenses are not meritorious defenses to discovery. The "mend the hold" doctrine is an estoppel principle that acts in some circumstances to prevent a party from altering its position after litigation has begun. *See, e.g.*, *Irwin v. Sovereign Camp of Woodmen of the World*, 15 N.M. 365, 365, 110 P. 550, 551 (1910) (defendant who before suit declined to pay death benefit to plaintiff only on grounds that third party claimed same benefit would not be permitted to interpose a new defense to payment after

suit had begun); *Larson v. Johnson*, 116 N.E.2d 187, 189 (Ill.App.Ct. 1953) (defendants in contract case waived indefiniteness defense that they did not assert until late in the litigation after it became clear their fraud defense would fail).

The parameters of the mend the hold doctrine and whether it applies here are matters for the trial judge to determine, as is the need for certification. The same is true for Ms. Martinez's argument based on the New Mexico wage statute and her argument that equitable defenses are not available. Nothing in any of Ms. Martinez's liability or defense theories prevents NCSWA from inquiring into her travel activities. Resolution of the substantive legal issues in this case may in fact depend in part upon the nature of the information that discovery reveals.

Ms. Martinez cites an Age Discrimination in Employment Act (ADEA) case, *McKennon v. Nashville Banner Publishing Company*, but it is unclear whether she believes the case supports her position or if she is attempting to distinguish it. In *McKennon*, the United States Supreme Court held that where an employer has violated the ADEA by acting in a discriminatory manner, after acquired evidence of the employee's wrongdoing is not an absolute bar to relief. *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362 115 S.Ct. 879, 886 (1995).

Ms. Martinez has not asserted a claim for discrimination, but to the extent *McKennon* is applicable, it does not preclude an employer from seeking discovery related to an employee's misconduct; to the contrary, *McKennon* indicates that an employee's misconduct may be relevant to damages, even if the evidence does not come to light until after suit is filed. *McKennon*, 513 U.S. at 362; 115 S.Ct. at 886 ("Once an employer learns about employee wrongdoing that would lead to a legitimate discharge, we cannot require the employer to ignore the information, even if it is acquired during the course of discovery in a suit against the employer and even if the information might have gone undiscovered absent the suit.").

Ms. Martinez's vacation and travel activities during the time she was employed bears directly on the amount NCSWA potentially owes on her claim for accrued leave. Compelling disclosure of this information ensures the parties are litigating with mutual knowledge of the facts. Ms. Martinez may withhold account numbers for credit and debit cards, bank accounts, savings accounts, money market accounts, and checking accounts, but shall otherwise respond in full.

### 2.     Ms. Martinez's request for *in camera* inspection is denied.

Ms. Martinez argues that two distinct privacy interests compel her to request *in camera* inspection of any documents the Court orders her to produce. The first privacy interest Ms. Martinez asserts is her son's. She claims that her cell phone records include information regarding a cell phone number used exclusively by her minor son. She argues that Defendants should not be permitted to view her son's cell phone activity.

Request for Production No. 5 is the discovery request that relates to cell phone records. It states:

> Produce complete and detailed records showing **your** usage of a cellular and/or mobile data services, including but not limited to physical documents in your possession and/or which you can access from an online account, on any date(s) between October 10, 2004, and July 15, 2011. You may redact any and all calls that originated **from you or were received by you** when you were located within a twenty-five (25) mile radius of Espanola, New Mexico, or which originated **from you or were received by you** on any weekend or holiday recognized by NCSWA policy and when you were located within a 150-mile radius of Espanola, New Mexico.

[Doc. 123-1 at 4–5 (emphasis added).] This request seeks records related only to Ms. Martinez's cell phone activity and does not encompass her son. Affidavits executed by Ms. Martinez and her son indicate he has a cell phone number that is used exclusively by him. [Doc. 138-1 at 24–25.] To the extent Ms. Martinez's cell phone records include her son's calling activity, she may redact them to remove his calling activity before she produces the documents. *In camera* inspection is not necessary.

The second privacy interest Ms. Martinez asserts is her own. She claims the credit card and bank statements Defendants have requested contain personal information which if disclosed could subject her to identity theft. Ms. Martinez asks the Court to conduct an *in camera* inspection and decide which records, if any, should be turned over to the Defendants along with an order containing protections to prevent misuse.

The parties have already provided for the protection of sensitive documents and information produced during discovery by entering a Stipulated Confidentiality Agreement. [Doc. 125.] Under this agreement, Ms. Martinez has the option to designate documents as "confidential" before she discloses them. The "confidential" designation limits dissemination and also limits the parties' use of the information to "litigation only and for no other purpose whatsoever." [Id. at 1.] To further address any privacy concerns, the Court will allow her to withhold certain account numbers, as stated above. There is no need for the Court to conduct an *in camera* inspection of Plaintiff's credit card and bank statements.

### C.  Defendant NCSWA is entitled to costs and fees incurred in making its Motion to Compel.

NCSWA requests fees and costs incurred in making its Motion to Compel. When a motion to compel is granted, the Federal Rules of Civil Procedure mandate an award of "the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A). The Court must afford the nonmovant an opportunity to be heard, and the nonmovant can avoid payment if:

> (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii)  other circumstances make an award unjust.

Fed.R.Civ.P. 37(a)(5)(A).

The first exception is not applicable. The papers before the Court indicate Defendant made a good faith effort to resolve the dispute before resorting to motion practice. [Doc. 123-1 at 7–8.]

Ms. Martinez rests her opposition to a sanction on the second exception—that her failure to respond to discovery was substantially justified. [Doc. 138 at 11–13.] She claims her arguments regarding "mend the hold," the New Mexico wage statute, and the unavailability of equitable defenses are well-founded and not frivolous.

The Court expresses no opinion on the substantive legal merit of Ms. Martinez's arguments. As objections to discovery, however, they approach frivolousness. Ms. Martinez's broad assertion that a party may not obtain evidence to support its claims or defenses after a lawsuit is filed [Doc. 138 at 3–4] is directly contrary to the Federal Rules of Civil Procedure and categorically without merit. The very purpose of discovery is "to allow a broad search for facts, the names of witnesses, or other matters which may aid a party in the preparation or presentation of his case." Fed.R.Civ.P. 26 advisory committee's note (1946 amendment) (citation omitted). The scope of discovery is broad because it is "designed to help define and clarify the issues." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Whether and to what extent the information disclosed is ultimately admissible as a defense to liability or to limit damages is not the measure of relevance for purposes of discovery. Information is not shielded from discovery merely because it might be inadmissible.

Ms. Martinez's failure to respond to discovery ignores these basic principles. In her response to the Motion to Compel, Ms. Martinez cited no case that comes close to supporting her refusal to engage in discovery. Plaintiff's attorney was not justified in relying on "mend the hold" and other theories to resist discovery.

Rule 37(a) requires a monetary award when a party has had to resort to motion practice to obtain compliance with discovery obligations. The Court concludes Ms. Martinez's nondisclosure

was not substantially justified and there is no information suggesting an award would be unjust. Accordingly, the Court awards NCSWA $300.00.

**IT IS ORDERED:**

1. Defendant North Central Solid Waste Authority's Motion to Compel [Doc. 122] filed June 18, 2012, is **GRANTED**. Within fourteen (14) days of the date of this Memorandum Opinion and Order, Plaintiff shall respond in full to NCSWA's First Set of Interrogatories and First Request for Production of Documents, but may withhold account numbers for credit and debit cards, bank accounts, savings accounts, money market accounts, and checking accounts;

2. Plaintiff's request for *in camera* inspection is **DENIED**;

3. NCSWA's request for its reasonable fees and expenses pursuant to Rule 37(a) is **GRANTED**. Within seven (7) days from the date of this Memorandum Opinion and Order, Plaintiff's counsel shall remit to Defendant's counsel the amount of $300.00; and

4. NCSWA may re-open Plaintiff's deposition after the discovery deadline if necessary. The deposition shall be limited to issues raised by Plaintiff's responses to the interrogatories and requests for production that were the subject of NCSWA's motion to compel.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**