IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


MICHELLE MARTINEZ,

    Plaintiff,

vs.	No. CIV-11-785  ACT/WDS

GINO R. ROMERO, in his individual
and Official capacities, NORTH CENTRAL
SOLID WASTE AUTHORITY, in its official
capacity,

    Defendants.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Certify Question to the New Mexico Supreme Court ("Plaintiff's Motion") filed on August 19, 2012 [Doc. No. 163] and Defendants' Response to Plaintiff's Motion to Certify Question to the New Mexico Supreme Court filed on August 28, 2012 [Doc. No. 177]. There is no need for a reply brief. The Court finds that the Plaintiff's Motion is irrelevant to any issues currently pending before the Court and will be denied.

Plaintiff seeks to have this Court certify the following two questions to the New Mexico Supreme Court.

    1.    May equitable defences [sic] apply to common law claims in a breach of contract action? [; and]

    2.    May an employer rely upon evidence acquired after the termination to justify its termination and/or use of such after acquired evidence to affect a worker's claim for future damages, such as future loss of wages and retirement benefits.

[Doc. No. 163 at p. 1.]

NMSA 1978, Section 39-7-4 (1997) provides that the New Mexico Supreme Court may answer a question of law certified to it by a court of the United States "if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision or statute of this state." The New Mexico Supreme Court mandates that the legal issue(s) proposed for certification must be determinative of an issue before the court where the case is being litigated. See *Schlieter v. Carlos*, 108 N.M. 507, 508, 772 P.2d 709, 710 (1989) (per curiam). The Tenth Circuit states that certification to the Supreme Court of New Mexico "is not appropriate when . . . the issue certified would not be determinative of the issues before us on appeal. Certification is, and must remain, a discretionary function of the federal court, to be utilized, when available to determine unsettled questions of state law." *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1149 (10th Cir. 1982).

Plaintiff does not state how the answers to the questions she seeks this Court to certify would help resolve any issue currently pending in this case. Counsel for Defendants states that Plaintiff is "anticipating defenses that may be presented by Defendants if this case were to eventually proceed to trial." [Doc. No. 177 at p. 3.] The Court agrees with Defendants. The Plaintiff's proposed questions to be certified have no bearing on any issue currently pending before the Court and Plaintiff's Motion will therefore be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Certify Question to the New Mexico Supreme Court [Doc. No. 163] is **DENIED**.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**