IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHELLE MARTINEZ,

       Plaintiff,

vs.                                                         No. CIV-11-785  ACT/WDS

GINO R. ROMERO, in his individual
and Official capacities, NORTH CENTRAL
SOLID WASTE AUTHORITY, in its official
capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration or in the Alternative Request to Certify Question to the New Mexico Supreme Court ("Plaintiff's Motion") filed on August 28, 2012 [Doc. No. 172] and Defendants' Response to Plaintiff's Motion filed on August 28, 2012 [Doc. No. 179]. There is no need for a reply.

Plaintiff asks this Court to reconsider its Memorandum Opinion and Order filed on May 4, 2012 [Doc. No. 103] on grounds that "it may be at odds with the New Mexico Court of Appeals['] recent opinion" in *Madrid v. Village of Chama*, 2012-NMCA-071, ___ N.M. ___, ___ P.3d ___. [Doc. No. 172 at pp. 1-2.] In *Madrid*, the plaintiff had appealed the dismissal of her complaint against the Village of Chama for failure to state a claim. The New Mexico Court of Appeals found that the plaintiff had alleged sufficient facts in her complaint to support her claim of breach of implied contract and breach of the covenant of good faith and fair dealing to withstand a motion to dismiss. *Id.* at *6.

Plaintiff acknowledges that the New Mexico Court of Appeals did not address the merits of the claim or whether the claim for breach of the covenant of good faith and fair dealing would be prohibited by NMSA 1978 §37-1-23(A). [Doc. No. 172 at p. 2.] However, Plaintiff blithely argues that "this Court should reconsider its prior ruling in light of New Mexico's appellate court's ruling, holding that the implied covenant of good faith and fair dealing applies to municipalities and counties." [Doc. No. 172 at p. 2.] It is not clear if Plaintiff's counsel is asserting that the *Madrid* decision holds "that the implied covenant of good faith and fair dealing applies to municipalities and counties" or if this Court should rule as such. Plaintiff also argues that given the "non discussion of §37-1-23(A), it may be appropriate to certify the question to the New Mexico Supreme Court." [*Id.*]

The Court finds that Plaintiff's argument for reconsideration is frivolous. There is no discussion whatsoever regarding the applicability of §37-1-23(A) to the claim for breach of implied covenant of good faith and fair dealing in the *Madrid* opinion. Plaintiff's Motion for Reconsideration will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration or in the Alternative Request to Certify Question to the New Mexico Supreme Court [Doc. No. 172] is **DENIED.**

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**