IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


MICHELE MARTINEZ,

    Plaintiff,

vs.                                    No. CIV-11-785  ACT/WDS

GINO R. ROMERO, in his individual and
official capacities, and NORTH CENTRAL
SOLID WASTE AUTHORITY, in its official
capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Objections to Magistrate Judge's Memorandum Opinion and Order and Appeal to Trial Judge filed August 19, 2012 [Doc. 167], Defendants' Response to Plaintiff's Objection to Magistrate Judge's Memorandum Opinion and Order filed August 28, 2012 [Doc. 178] and Plaintiff's Reply to Response to Objections to Magistrate Judge's Memorandum Opinion and Order filed September 4, 2012 [Doc. 185]. Plaintiff only appeals that portion of the Honorable W. Daniel Schneider's Memorandum Opinion and Order [Doc. 159] which awarded "reasonable fees and expenses pursuant to Rule 37(a)" to Defendants as the prevailing party. [*Id.* at pp. 8-9.]

Discussion

Under Fed.R.Civ.P. 72(a) and pursuant to 28 U.S.C. § 636 (b)(1)(A), a judge of the district court may reconsider or set aside a portion of a magistrate judge's order on a nondispositive matter only if the Court finds that the order "is clearly erroneous or is contrary to

law." An order is clearly erroneous when, "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow industries*, 847 F.2d 1458, 1464 (10th Cir. 1988)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). As the Seventh Circuit has noted, the clearly erroneous standard is afforded a great degree of deference: "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling, Inc.,* 866 F.2d 228, 233 (7th Cir. 1988.)

Judge Schneider's decision to award reasonable fees and expenses to Defendants in the amount of $300.00 is not clearly erroneous nor contrary to law. Judge Schneider explained the reasons for his decision and modified the discovery requests at issue to take into consideration some of the concerns raised by Plaintiff in her Response [Doc. 138] to the Defendants' Motion to Compel [Doc. 122]. Judge Schneider was very conservative in his award given the amount of time Defendants' attorney undoubtedly spent in briefing the Motion to Compel and the Reply. [Doc. 122, 123 and 145.]

**IT IS THEREFORE ORDERED** Plaintiff's Objections to Magistrate Judge's Memorandum Opinion and Order and Appeal to Trial Judge [Doc. 167] are overruled, and the Memorandum Opinion and Order [Doc. 159] is affirmed.

                                                          Alan C. Torgerson
                                                          United States Magistrate Judge, presiding