**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHELE MARTINEZ,

       Plaintiff,

vs.                                                      No. CIV-11-785  ACT/WDS

GINO R. ROMERO, in his individual and
official capacities, and NORTH CENTRAL
SOLID WASTE AUTHORITY, in its official
capacity,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reconsider Award of Attorney Fees in Light of a Newly Released New Mexico Court of Appeals Opinion filed June 2, 2012 [Doc. 113] with attached affidavits (hereafter referred to as "Motion to Reconsider"); Defendants' Response to Plaintiff's Motion to Reconsider Award of Attorney Fees filed June 19, 2012 [Doc. 127]; and Plaintiff's Reply to Response to Plaintiff's Motion to Reconsider Award of Attorney Fees filed June 27, 2012 [Doc. 131].

I. <u>Introduction</u>

Plaintiff requests that the Court "revisit" its Memorandum Opinion and Order filed January 26, 2012 [Doc. 59] wherein the Court granted Plaintiff's Motion for Summary Judgment on the Inspection of Public Records Act Claim [Doc. 38] and awarded Plaintiff $1,155.00 for violation of the Public Records Act and attorney fees in the amount of $1,000.00. The Plaintiff asks that the Court reevaluate its award of attorney fees in light of the recent New Mexico Court

of Appeals opinion of *Rio Grande Sun v. Jemez Mountains Public School District,* 2012–NMCA

_____, ____P.3d ___(No. 30,698, Apr. 26, 2012).

In *Rio Grande Sun* , the Court of Appeals observed that "[w]hile the award of attorney fees is discretionary, 'the exercise of that discretion must be reasonable when measured against objective standards and criteria.'" *Id.* at ¶ 13, quoting *Lenz v. Chalamidas (Lenz I)*, 109 N.M. 113, 118, 782 P.2d 85, 90 (1989). Those criteria may include:

> (1) the time and labor required–the novelty and difficulty of the questions involved and skill required; (2) the fee customarily charged in the locality for similar services; (3) the amount involved and the result obtained; (4) the time limitations imposed by the client or by the circumstances; and (5) the experience, reputation and ability of the lawyer or lawyers performing the services.

*Id.*

In the *Rio Grande Sun* opinion, the New Mexico Court of Appeals found that the district court had impermissibly "refused to consider the evidence presented on the first two [*Lenz*] factors." *Rio Grande Sun,* 2012–NMCA at ¶ 13. It did not review the billing statement "to familiarize itself with the time and labor required" and it "flatly rejected the affidavit of Paul Bardacke" regarding the ranges of prevailing rates of attorney fees in New Mexico, stating that the attorney fee charge by Mr. Bardacke was unreasonable.[1] *Id.* The district court disregarded "evidence related to the requested attorney fees and relied instead on its own assessment of what it considered to be a reasonable hourly rate and a reasonable amount of time expended." *Id*. at ¶ 13-14.

The Court of Appeals stated that in a statutory fee-shifting case, such as one brought

---

[1] The Court of Appeals noted that the district court addressed the reasonableness of Mr. Bardacke's fee which was not at issue. The issue was whether Plaintiff's counsel's hourly rate was reasonable. *Id.*

pursuant to the Public Records Act, NMSA 1978, §§ 14-2-1 to -12 ("IPRA") in the *Rio Grande Sun* case (and this case), the lodestar method for determining attorney fees is generally used. "A lodestar is determined by multiplying counsel's total hours reasonably spent on the case by a reasonable hourly rate [and] provides an objective basis for valuing the attorney's services." *Id.* at ¶ 20 quoting *In re N.M. Indirect Purchasers Microsoft Corp. Antitrust Litig.*, 2007-NMCA-007, ¶ 34. After taking into consideration the objective standards and criteria as a starting point, the court, in its discretion and based on its own knowledge, will take into account the factors listed in *Lenz I* and determine whether an upward or downward adjustment should be made to account for the case and its outcome. *Id.* at ¶14.

The *Rio Grande Sun* opinion provides no new law on the IPRA nor on the lodestar method of calculating the award of attorney fees. However, Plaintiff correctly notes that although she had requested she be allowed to submit an "affidavit or declaration" after the Court determined liability, she was not given an opportunity to provide an affidavit or declaration in support of her request for attorney fees because this Court's Memorandum Opinion and Order granting the motion also included an award of attorney fees. Her Motion to Reconsider [Doc. 113] includes an itemization of her attorney's hours and a proposed hourly rate. [Doc. 113 at Ex. 1, 2 and 3.] The Court will therefore reconsider its award of attorney fees taking into consideration the time spent and the proposed hourly rate charged by Plaintiff's counsel, as well as the remaining lodestar factors.

II. <u>Plaintiff's Fee Request</u>.

Plaintiff's counsel seeks to increase the amount of attorney fees awarded from $1,000.00 to $6,292.65. [Doc. 131 at p. 7.] His hours are itemized in his Declaration [Doc. 113 at Ex. 2, pp. 3-4] and in his Reply brief which added 1.75 hours for the Reply and also added gross receipts

tax [Doc. 131 at p.7].

    A.  <u>Hourly rate</u>.

Plaintiff's counsel attached as an exhibit to the Reply a redacted "Hour Fee Agreement" which reflects that "when counsel began this case, he was paid hourly" at $300.00 per hour. [Doc. 131 at p. 2 and Ex. 1.]   He states that "[t]he fee agreement was revised once Ms. Martinez was terminated without due process of law and there was a fee shifting statute available under 42 U.S.C. § 1988," presumably to a contingency fee agreement. [Doc. 131 at p. 2.] He seeks $300.00 per hour for his work on the Motion for Partial Summary Judgment [Doc. 38] and his Motion to Reconsider [Doc. 113].

Plaintiff's counsel also submitted an affidavit from Victor R. Marshall which states that $300.00 per hour is a reasonable rate given the experience of Plaintiff's counsel. [Doc. 113 at Ex.3.]  Defendants submitted a compensation and benefits survey of New Mexico law firms [Doc. 127 at Ex. C] and concluded that $212.00 per hour is a more reasonable hourly rate.  The Court finds that $300.00 per hour is a reasonable rate give the experience of Plaintiff's counsel and the nature of this litigation.

    B.  <u>Hours billed for original motion</u>.

Plaintiff's counsel's hours reflect that he spent 1.5 hours to review the IPRA and make his initial request and a follow-up request to the NCSWA. [Doc. 113, Ex. 2 at p. 3.] As noted by Defendants, the "IPRA is designed to allow citizens to obtain records from public agencies without the need for legal counsel." [Doc. 127 at p. 7, n. 1.] The Court finds that Plaintiff's counsel's request for 1.5 hours is excessive, especially in light of his years of experience [Doc. 113 at Ex. 2] and will reduce this amount to .5 hours.

Next, Plaintiff's counsel states that he spent 3.5 hours preparing the portion of the

Complaint which addresses the Plaintiff's claim under the IPRA. The Court finds this amount excessive in view of the simple and straight forward allegations in the Complaint regarding the IPRA requests to NCSWA [*see* Doc. 1 at pp. 6-7] and taking into account Plaintiff's counsel's representation of his years of experience in this area [*Id.*]. The Court will reduce the 3.5 hours requested to 1.0 hours.

Plaintiff's counsel states that he spent 7.88 hours briefing his Motion [Doc. 38] and his Response to Defendants' Motion in Opposition to his Motion for Summary Judgment which included a response to Defendants' Fed.R.Civ.P. 56 (d) motion [Doc. 50]. [Doc. 113, Ex. 2 at p.3.] The Court finds that this amount of time is not unreasonable, especially given Defendants' responsive argument under Rule 56(d), an argument which this Court previously characterized as "disingenuous at best" [Doc. 59 at p. 6].

    C.  <u>Hours billed for Motion to Reconsider.</u>

Plaintiff's counsel states that he spent 4.65 hours to prepare the Motion to Reconsider the Court's award of fees in its Report and Recommendation [Doc. 59.] [Doc. 113, Ex.2 at p. 4.] He seeks an additional 1.75 hours for preparing the Reply [Doc. 131]. Plaintiff filed the Motion to Reconsider on June 2, 2012, some six months *after* he filed his Motion for Partial Summary Judgement on December 12, 2011 [Doc. 38.] The only explanation offered by Plaintiff's counsel for his delayed request for a reconsideration of the Court's award of fees was the recent New Mexico Court of Appeals opinion of *Rio Grande Sun v. Jemez Mountains Public School District,* 2012-NMCA-___, ___ P.3d ___ (No. 30,698, April 26, 2012). As noted above, the *Rio Grande Sun* opinion provides no new law on the IPRA nor on the lodestar method of calculating the award of attorney fees. Plaintiff's delay in requesting a reevaluation of the fee awarded is unexplained.

On or before May 14, 2012, Plaintiff's counsel inquired about Defendants willingness to settle the issue of attorney fees related to the IPRA claim. [Doc. 127-1 at Ex. B.] Defendants responded with an offer to settle all aspects of the IPRA claim for $2155.00. [Doc. 127-1 at Ex. B.] Plaintiff's counsel did not respond to Defendants' good faith effort to resolve the issue of fees. [Doc. 127 at p. 8, citing Ex. B.] Plaintiff's counsel states that he did not respond because the "likelihood of NCSWA prevailing on appeal is *de minimis*." [Doc. 131 at p. 6.] The cavalier attitude of Plaintiff's counsel in failing to respond to opposing counsel's offer is disappointing. General civility, the spirit of the Creed of Professionalism of the New Mexico Bench and Bar and a consideration of the Court's time warranted a response and a good faith effort to resolve this dispute without the necessity of filing a motion.  In light of Plaintiff's counsel failure to respond to Defendants' offer of settlement and because the issuance of the *Rio Grande Sun* opinion does not impact the Court's evaluation of Plaintiff's Motion to Reconsider, the Court finds that Plaintiff's request for a total of 6.40 hours for his time to brief the Motion for Reconsideration and Reply is excessive and will be adjusted downward to 1.5 hours.

III.  Conclusion.

Plaintiff will be awarded 9.38 hours attorney fees for the original Motion for Summary Judgment and 1.5 hours attorney fees for the Motion to Reconsider for a total of 10.88 hours. The hourly rate will be $300.00 per hour making the award $3264.00 plus gross receipts tax.

**IT IS SO ORDERED**.

_____
Alan C. Torgerson
United States Magistrate Judge, presiding